946 F.2d 900
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby BATTLE, et al., Plaintiffs-Appellees,
United States of America, Plaintiff-Intervenor,
v.
Park ANDERSON, his successor; Richard Crisp, Warden,
Oklahoma State Penitentiary, and his successor; J.M.
Sunderland, Warden, Oklahoma State Reformatory, and his
successor; Department of Corrections; F. Warren Benton,
Director, his successor, and the current; Board of
Corrections, State of Oklahoma; Frank E. Carey, Jr.,
President; Leroy Kirk; Patricia Montgomery; Gary M. Cook;
Chester T. Curtin; Seth Millington; William R. Thompson,
as members and their successors, Defendants-Appellants.
 No. 89-7097.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1991.
 
 Before LOGAN, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Park J. Anderson and his successor, Warden of the Oklahoma State Penitentiary at McAlester, Oklahoma, appeal from the denial of a motion to modify an injunction entered by the district court on September 11, 1978. Since the notice of appeal fails to satisfy the dictates of Fed.R.App.P. 3(c), and because Anderson and his successor have no standing to bring this appeal, the appeal is dismissed.
 
 
 2
 In 1978, the district court entered an order leading to the permanent closure of the East Cell House at the Oklahoma State Reformatory at Granite, Oklahoma. Battle v. Anderson, 457 F.Supp. 719, 739 (E.D.Okla.1978). On May 1, 1989, the Attorney General of Oklahoma filed a Fed.R.Civ.P. 60(b)(5) motion to modify the portion of the district court order concerning habitation at Granite. The district court denied the motion. The Attorney General of Oklahoma filed a notice of appeal on November 21, 1989. On September 19, 1990, this court, sua sponte, raised the issue of whether the notice of appeal complied with the jurisdictional requirements of Fed.R.App.P. 3(c)[1] as interpreted by the Supreme Court in Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988). The parties were ordered to brief the Torres issue, and they have responded.
 
 
 3
 The issue arises because appellants identified themselves as "Park J. Anderson, et al." in the caption of the notice of appeal and coupled this with the phrase "defendants herein" in the body of the notice.[2] Park J. Anderson and his successor are wardens of the Oklahoma State Penitentiary at McAlester, Oklahoma. Neither the warden of the facility at Granite nor a higher official with authority over the Granite facility was specifically named as an appellant, although such individuals are named as defendants in the suit.
 
 
 4
 In Torres, the Supreme Court held that a failure to comply with the specificity requirement of Rule 3(c) presented a jurisdictional bar to appeal. 487 U.S. at 314. This court has consistently held that use of the phrase "et al." to designate more parties than the appellant named in the caption of the notice of appeal does not satisfy the command of Rule 3(c). See Storage Technology v. U.S. Dist. Court for Dist. of Colo., 934 F.2d 244, 247-48 (10th Cir.1991) (use of "et al." together with "all the Defendants of record herein" in body of appeal leaves reviewing court to determine identity of appellants without any clear point of reference); Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 654 (10th Cir.1990) ("et al." designation in conjunction with phrase "defendants above named hereby appeal" does not satisfy Rule 3(c)); Laidley v. McClain, 914 F.2d 1386, 1389 (10th Cir.1990) (use of "et al." together with "plaintiffs hereby appeal" is insufficient to confer jurisdiction over unnamed plaintiffs under Rule 3(c)).[3] These cases are dispositive of the authority Anderson and his successor cite to us on appeal. As the First Circuit stated in Santos-Martinez v. Soto-Santiago, 863 F.2d 174, 177 (1st Cir.1988), "[i]t does not suffice that the actual appellants are now known and that no harm may have been done by reason of the insufficient notice of appeal."
 
 
 5
 Official capacity suits are an exception to the general rule of Torres. Brown v. Palmer, 915 F.2d 1435, 1439-40 (10th Cir.1990). See also Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 657 n. 6 (10th Cir.1990). In Brown, plaintiffs brought suit against Colonel James Palmer, the Base Commander of Peterson Air Force Base, and Colonel Eugene Cullinane, the commanding officer of the headquarters of the Air Force's 3rd Space Support Wing, in their official capacities. The notice of appeal listed only Colonel Palmer as the appellant in the caption of the appeal and used an "et al." designation to include Colonel Cullinane. We held that the United States had satisfied the jurisdictional requirement of Rule 3(c) because use of the "et al." designation in the case deprived neither plaintiffs nor the court of "fair notice of the specific individual or entity seeking to appeal." 915 F.2d at 1439 (quoting Torres v. Oakland scavenger Co., 487 U.S. 312, 318 (1988)). We noted that this was because "[p]laintiffs clearly understood that an appeal by Colonel Palmer was in effect an appeal by the United States in light of the fact that they had sued Colonel Palmer and Colonel Cullinane only in their official capacities." Brown, 915 F.2d at 1439.
 
 
 6
 In Brown, however, Colonel Palmer had standing to bring the appeal. Any decision reached in the case would bind all the members of the base because of Colonel Palmer's position as base commander. Here, by contrast, any judgment relating to Park Anderson and his successor will not bind the authorities responsible for the institution located in Granite, Oklahoma, which is the subject matter of this appeal. Anderson and his successor can only be bound as to events concerning the McAlester, Oklahoma facility. The Brown official capacity exception to Torres cannot sweep into the court's jurisdiction additional appellants who could not otherwise be bound by an appeal brought in their official capacity.
 
 
 7
 When the party named in the notice of appeal is not the real party in interest to the appeal, the court lacks jurisdiction to reach the merits of the appeal. See Concorde Resources, Inc. v. Woosley (In re Woosley), 855 F.2d 687 (10th Cir.1988). Appellant Anderson and his successor lack the "personal stake in the outcome of the controversy" that is a prerequisite for standing. Sierra Club v. Morton, 405 U.S. 727, 732 (1972) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).
 
 
 8
 Anderson and his successor do not advance any further exceptions to Torres and we decline to adopt any.[4]
 
 
 9
 For the foregoing reasons, the appeal is DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 3(c) reads in relevant part, "The notice of appeal shall specify the party or parties taking the appeal.... An appeal shall not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c)
 
 
 [2]
 The notice at issue here, filed November 21, 1989, reads:
 BOBBY BATTLE, ET AL., Plaintiffs,
 and,
 UNITED STATES OF AMERICA, Plaintiff-Intervenor,
 v.
 PARK J. ANDERSON, ET AL., Defendants.
 NOTICE OF APPEAL
 Robert H. Henry, Attorney General of Oklahoma, appearing on behalf of the Defendants herein, respectfully appeals ... from [the District] Court's Order of September 26, 1989 denying these Defendants' motion to modify previous injunctions to permit renovation of the East Cellhouse at the Oklahoma State Reformatory.
 Respectfully submitted,
 ROBERT H. HENRY
 ATTORNEY GENERAL OF OKLAHOMA
 
 
 [3]
 Interpreting the language in Torres that a court may find that an appellant has complied with Rule 3(c) "if the litigant's action is the functional equivalent of what the rule requires," 487 U.S. at 317, this circuit has held that an appellant can timely cure any defects in the notice by filing additional documents with the court. See Hubbert v. City of Moore, Okla., 923 F.2d 769 (10th Cir.1991) (cure through timely filing of docketing statement). No such cure was effectuated here. The docketing statement was filed more than 60 days after the entry of the September 26, 1989, order appealed from here and cannot be considered timely under Fed.R.App.P. 4(a)(1)
 
 
 [4]
 We note that plaintiffs in this suit have been certified as a class. The Fifth Circuit has adopted a class action exception to Torres. Rendon v. AT & T Technologies, 883 F.2d 388, 398 n. 8 (5th Cir.1989); Morales v. Pan Am. Life Ins. Co., 914 F.2d 83, 84 (5th Cir.1990). Once certified as a class, the class party only needs to name the class representative in the notice of appeal. An "et al." designation also perfects the appeal of all the remaining members of the class since the class representative binds all members of the class. By contrast, the parties opposing the class cannot merely invoke the generic class label in their notice of appeal because not every member of that group who could possibly appeal may decide to become a party to the appeal