978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 A.E. SMITH and Dr. Scratch Co., a corporation, Plaintiffs-Appellants,
v.
VIGORTONE AG PRODUCTS, INC., A DIVISION OF BEATRICE FOODS
CO.; Vigortone Products Co., a division of
Beatrice Foods Co.; Beatrice Foods Co.;
Richard Schwarentruber,
Defendants-Appellees.
 No. 91-3351.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Plaintiffs A.E. Smith and Doctor Scratch Co. appeal from a judgment dismissing their complaint for breach of contract, fraudulent concealment, and fraudulent misrepresentation. The notice of appeal stated that the appeal was taken by "A.E. Smith, et al., Plaintiffs above named," and the caption to the notice of appeal identified the plaintiffs as "A.E. Smith, et al." We ordered the parties to file briefs addressing whether we had jurisdiction of Doctor Scratch's appeal, in light of the holding of Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988), that a notice of appeal must identify all of the parties taking an appeal, and use of the phrase "et al." to identify a party is insufficient. We also ordered the parties to address whether A.E. Smith was the real party in interest to the appeal. See Battle v. Anderson, 970 F.2d 716, 718 (10th Cir.1992).
 
 
 2
 Although the notice of appeal was defective as to Doctor Scratch, we have held that such a defect could be cured by filing within the time to appeal a docketing statement properly identifying both appellants. Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991). The docketing statement properly identifies both plaintiffs. It was received by the clerk November 18, 1991, which was not within the thirty-day time limit of Fed.R.App.P. 4(a)(1) for filing an appeal.[1] It was, however, received within fourteen days after the filing of the notice of appeal on November 8, 1991.
 
 
 3
 Federal Rule of Appellate Procedure 4(a)(3) gives any other party to the appeal, not only the appellee, fourteen days after the timely filing of the first notice of appeal to file an appeal. Crystal Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.), 817 F.2d 1361, 1364 (9th Cir.1987). The Fifth Circuit has held that appellants who were inadvertently omitted from the first notice of appeal may file their own notice of appeal within the Rule 4(a)(3) deadline. Lee v. Coahoma County, 937 F.2d 220, 223 (5th Cir.1991); North Am. Sav. Ass'n v. Metroplex Dev. Partnership, 931 F.2d 1073, 1077 (5th Cir.1991). We conclude that the docketing statement suffices as a notice of appeal and that we have jurisdiction of Doctor Scratch's appeal because that statement was filed within the time to appeal under Rule 4(a)(3). See also Smith v. Barry, 112 S.Ct. 678, 682 (1992) (informal brief filed at court of appeals may serve as notice of appeal). We therefore need not address whether A.E. Smith is the real party in interest to the appeal.
 
 
 4
 The issues on appeal are whether the district court erred in granting defendants summary judgment after concluding that: 1) letters dated April 13, April 20, and May 17, 1982, did not create an exclusive dealing contract between Doctor Scratch and defendant Vigortone Ag Products (Vigortone); 2) Dale Alley Co. did not breach a January 10, 1980, agreement with Doctor Scratch; 3) Doctor Scratch and Vigortone were not in a fiduciary relationship; and 4) Doctor Scratch did not rely on Vigortone's alleged misrepresentations to its detriment. We conclude that the district court did not err, and we affirm.
 
 
 5
 We review a grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and the inferences therefrom in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-52 (1986). The movant must point to those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of proof at trial, that party must go beyond the pleadings and by affidavits or " 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(c) and (e)).
 
 
 6
 Doctor Scratch, producer of a cattle insecticide known as "Doctor Scratch Dust" and a dust applicator known as the "Duster," entered a written agreement in 1977 providing that Vigortone would be the exclusive marketing representative for Doctor Scratch dusters and dust. That agreement expired on December 31, 1981.
 
 
 7
 Dale Alley Company, not a party to these proceedings, contracted with Doctor Scratch to manufacture the dust, agreeing in a letter dated January 10, 1980, that it would not use the Doctor Scratch formula to make a like product. Following the expiration of the contract between Vigortone and Doctor Scratch, Dale Alley manufactured an insecticidal dust for Vigortone called Vigortoner dust. Vigortoner dust did not flow properly when used with Doctor Scratch dusters.
 
 
 8
 Plaintiffs brought this diversity action, contending that Vigortone breached a "triangular exclusive dealing contract" among Doctor Scratch, Vigortone, and a third company, Double L Equipment. Plaintiffs contended that this agreement obligated Vigortone to sell only Doctor Scratch dust. This contract was allegedly formed by letters dated April 13, April 20, and May 17, 1982. The district court concluded that these letters did not create an exclusive dealing contract because Smith testified that he never agreed to the terms set forth in the April 13 letter.[2]
 
 
 9
 The April 13, 1982, letter from Vigortone to Double L stated Vigortone's understanding that Doctor Scratch had agreed to certain terms, including giving Double L an "exclusive" on the product, and that Vigortone would buy the product from Double L. The April 20 letter from Double L to Doctor Scratch enclosed a copy of the April 13 letter and requested Doctor Scratch's written agreement to the terms of that letter. The May 17 letter from Smith to Double L stated that Smith was in basic agreement but some points needed to be worded a little differently to avoid price fixing and antitrust violations. He promised a letter covering all the areas discussed. Such a letter does not appear in the record before us.
 
 
 10
 The testimony clearly reflects that Smith did not agree that Vigortone was to become an "exclusive marketing arm" for Doctor Scratch. Appellee's App. Vol. II, doc. 11, tab A, at 328-29.
 
 
 11
 Plaintiffs, in their brief, attempt to explain what Smith's testimony meant. What they attribute to him, however, was not his testimony, and plaintiffs have failed to point us to any depositions, answers to interrogatories, or admissions on file that contain these clarifications or any other material which would support such inferences. Arguments in briefs are insufficient to sustain a party's burden on summary judgment. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.1992).
 
 
 12
 Plaintiffs next contend that under the "knock out doctrine," the conflicting terms of the offer and acceptance knocked each other out and the term on which both parties agreed, i.e., that Vigortone would become Doctor Scratch's exclusive marketing arm, became the contract. Daitom, Inc. v. Pennwalt Corp., 741 F.2d 1569, 1579-80 (10th Cir.1984). Smith's testimony negates his position that the parties agreed to an exclusive dealing contract.
 
 
 13
 Likewise, the parties' conduct between 1977 and 1981 is irrelevant because they had a written contract at the time. Plaintiffs failed to point to any evidence in the record subsequent to the expiration of the written contract indicating their intent to continue that relationship. We will not sift the record to find evidence to support their argument. Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1513 (10th Cir.1990).
 
 
 14
 Plaintiffs' argument that the district court erred in concluding that Dale Alley[3] did not violate the terms of the January 10, 1980, agreement is unpersuasive. The agreement provided, in part, that information would be kept in confidence and that Dale Alley would "not use such information to manufacture, sell or distribute a like product in competition to [sic] Doctor Scratch Co." Appellee's App. Vol. II, doc. 14, tab E (emphasis added). While the agreement unambiguously prohibits Dale Alley from using the Doctor Scratch formula to make a like product, it is not prohibited from making a similar product.
 
 
 15
 Plaintiffs failed to meet their burden of designating " 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp., 477 U.S. at 324 (quoting Rule 56(e)).
 
 
 16
 With regard to their fraudulent concealment claim, the district court granted defendants summary judgment after concluding that the parties were not in a fiduciary relationship. Plaintiffs' argument to the contrary is premised entirely on their erroneous assumption that the parties had entered an exclusive dealing contract in 1982. We therefore reject it.
 
 
 17
 Plaintiffs' final contention that the district court erred in granting summary judgment on their fraudulent misrepresentation claim is also rejected. To establish fraudulent misrepresentation, a plaintiff must show it reasonably relied to its detriment on a material misrepresentation. Slaymaker v. Westgate State Bank, 739 P.2d 444, 450 (Kan.1987).[4] Plaintiffs contend they relied on Vigortone's representations that it was exclusively marketing Doctor Scratch dust for use in the dusters, and were unaware that Vigortone was instead using its own dust. If they had known that Vigortone was using its own dust, they contend they would have sent out statements warning customers to use only Doctor Scratch dust in the dusters because the Vigortoner dust clogged the dusters.
 
 
 18
 Plaintiffs failed to refer to any evidence in the record supporting their assertions that they relied on defendants' representations, and we will not search the record to find such evidence. Sil-Flo, Inc., 917 F.2d at 1513. Arguments in briefs are insufficient. Thomas, 968 F.2d at 1024.
 
 
 19
 We conclude the district court properly granted summary judgment to defendants. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The judgment appealed from was entered on October 16, 1991
 
 
 [2]
 While parol evidence is inadmissible to vary the terms of an unambiguous contract, this rule does not apply if the evidence is offered to prove that a contract was never made. See Coleman v. Holecek, 542 F.2d 532, 535-36 (10th Cir.1976) (parol evidence admissible to prove no contract formed because there was no meeting of the minds concerning crucial term)
 
 
 [3]
 The district court rejected defendants' argument that summary judgment should have been granted on this claim because Dale Alley is not a defendant to this action. Plaintiffs argued that Dale Alley was an agent or alter ego of the defendants. The district court concluded that this issue was "troublesome." Appendix to Appellant's Br. at 61. In light of our disposition of this claim, we need not address whether the district court erred in failing to grant summary judgment because Dale Alley is not a party
 
 
 [4]
 In this diversity action we apply the law of the state where the suit was brought. Budd v. American Excess Ins. Co., 928 F.2d 344, 346 (10th Cir.1991)