**Van B. ST. CLAIR, Plaintiff in Error,**

v.

**Ed SMITH, Henry Yates, Ernest Pyle, United States Fidelity and Guaranty Company, a corporation; and Hartford Accident and Indemnity Company, a corporation, Defendants in Error.**

No. 36880.

Supreme Court of Oklahoma.

Feb. 14, 1956.

598

E. F. Ireland, Liberal, Kan., John B. Doolin, Alva, for plaintiff in error.

Tryon & Sweet, Guymon, for defendants in error.

## PER CURIAM.

The parties to this appeal bear the same relative position as in the trial court and for convenience will be referred to as plaintiff and defendants.

Plaintiff brought his action in the District Court of Texas County seeking damages for alleged false arrest, false imprisonment and malicious prosecution. The defendants are the then county sheriff, his two deputies, and the corporations which made required bonds for the peace officers.

The case was tried before the court and a jury. From the judgment based on a verdict of the jury for the defendants, plaintiff appeals.

The evidence was in sharp conflict and while that of plaintiff reasonably tended to support his cause in most if not all material matters, we find that the evidence on the part of defendants reasonably tended to prove the following: On the evening of March 7, 1950, the defendant, Ed Smith, sheriff, sent his two deputies, Henry Yates and Ernest Pyle, also defendants, to the town of Tyrone, where plaintiff resided, to investigate a disturbance in which plaintiff was reported to be involved. When the officers contacted plaintiff he committed a breach of the peace in the presence of the officers by the use of loud, profane and threatening language; at the time the officers had in their possession a complaint signed by one Wayne Booth alleging a breach of the peace by plaintiff on March 7, 1950, by the use of profane and abusive language in the presence of Booth but which was not verified by a magistrate; the officers did not intend to nor did they then arrest plaintiff on such complaint by Booth, but did arrest him for the offense committed in their presence and took him to Guymon where he was placed in the county jail; the next morning plaintiff talked with his attorney by telephone and was shown the information charging him with a breach of the peace in the presence of Booth; that afternoon plaintiff's attorney called on him at the jail and the next day, March 9, 1950, plaintiff's attorney appeared before a justice of the peace where a charge was then pending against plaintiff on complaint by Booth, arranged for a continuance of the case and for bond for plaintiff; appearance bond in the sum of $100 was posted and plaintiff released; plaintiff was charged by information in the case authorized and approved by the county attorney, bearing the date March 7, 1950; plaintiff was never tried on the charge and proceedings were dismissed at a later date; the defendant officers were prompted in their action of arresting plaintiff solely by reason of the misdemeanor committed by plaintiff in their presence, bore no malice or ill will toward plaintiff and did not file a charge against him on the offense committed in their presence because of the pending charge on the complaint of Booth;

the facts as testified to by Booth, and the two deputies fully sustained a charge of breach of the peace in the presence of both Booth and the officers; plaintiff was furnished proper quarters, food and care while confined in the county jail.

At the outset plaintiff asserts in his brief that his action is predicated upon allegations that the defendants arrested him without authority of law or reasonable cause and confined him for three days without proper care and food and without legal authority or cause. His assignments of error stated in his brief are in substance that the trial court should have sustained his motion for a directed verdict, that improper evidence was admitted and that one instruction should not have been given.

The evidence admitted of which plaintiff complains and the court's instruction to which exception was taken, relates to testimony pertaining to the two alleged breaches of the peace by plaintiff, and the court's definition of the offense which plaintiff was alleged to have committed.

Plaintiff's arguments in support of his assignments of error are based on his interpretation of the evidence which was not accepted by the jury. That body having by its verdict found against plaintiff on the contradictory evidence leaves the matter for determination on the question as to whether or not the verdict is supported by the evidence. We find that the verdict is so supported.

■ The two deputies, Yates and Pyle, had the legal authority to suppress crime and to arrest an offender. They had proceeded to the place where they had information that an offense in the nature of a disturbance of the peace was being committed. The evidence completely justifies the conclusion of the officers that the actions of plaintiff in their presence was a misdemeanor. They were then authorized to arrest and confine him without a warrant. 22 O.S.1951 § 196. Having arrested and confined plaintiff by authorized procedure, it cannot be concluded that by this action the defendants had in any wise infringed on plaintiff's rights unless it can be said that the arresting officers were impelled to make the arrest by motives wholly personal or to gratify their own feelings of resentment. Such motives are not presumed by the arrest and there was direct evidence to the contrary.

We find and hold that the action of the officers in arresting and confining plaintiff for an offense committed in their presence under the facts of this case as accepted by the jury clothed the officers with the same protection accorded by the issuance of valid process from the courts.

■ In 35 C.J.S., False Imprisonment, § 35, page 550, it is stated:

"* * * A process valid on its face protects the officer serving it, notwithstanding the prosecutor elects to prosecute on a different warrant from that on which the arrest is made." Citing McGann v. Allen, 105 Conn. 177, 134 A. 810.

We think the rule there stated should be applied in this case. There is no question but that the charge against plaintiff could have been formally completed and the plaintiff held to answer for the offense for which the officers made the arrest. It cannot be said as a matter of law that because they did not press the charge that the arrest was voided by their subsequent conduct under the facts of this case. The Booth charge was pending on March 8th and defendant appeared by his attorney on March 9th and secured a continuance of proceedings and arranged for his release under this charge. Whether plaintiff was held under the arrest an unreasonable length of time before a decision was made to hold him under that charge or the pending Booth charge or to take him before a magistrate under either was a question to be submitted to the jury. Clements v. Canon, 170 Okl. 340, 40 P.2d 640.

The evidence under applicable law, and the instructions of the court, amply support the verdict, and we see no reason for disturbing the verdict and judgment.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W

CRAWFORD and approved by Commissioners JAMES H. NEASE and JEAN R. REED, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.