923 F.2d 769
 21 Fed.R.Serv.3d 534
 Thomas HUBBERT and Pia P. Hubbert, husband and wife,
Plaintiffs-Appellees,
v.
CITY OF MOORE, OKLAHOMA, a/k/a City of Moore Police
Department, and Oklahoma Gas & Electric Company, Defendants,
and
Officer Tim A. Doran and Officer Alan McCoy, Defendants-Appellants.
 No. 89-6333.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 9, 1991.
 
 Reggie N. Whitten (Kathryn D. Mills, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, Okl., with him on the briefs), Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, Okl., for defendants-appellants Officer Tim A. Doran and Officer Alan McCoy.
 Rex K. Travis (Michael S. Homsey, Gary B. Homsey and Jimmie A. Franklin, Oklahoma City, Okl., on the briefs), Oklahoma City, Okl., for plaintiffs-appellees.
 Before MOORE, TACHA, and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 Defendants-appellants Tim Doran and Alan McCoy appeal a district court order denying their motion for summary judgment. On appeal, Doran and McCoy argue the district court erred in finding: (1) the determination of probable cause in a criminal proceeding resulting in an acquittal has no preclusive effect in a subsequent civil action and (2) a genuine question of material fact remained on the issue of probable cause as it relates to their defense of qualified immunity. Plaintiffs-appellees Thomas and Pia Hubbert (Mr. & Mrs. Hubbert) argue we do not have jurisdiction because of a defect in the notice of appeal. We conclude we have jurisdiction under 28 U.S.C. Sec. 1291 and reverse the district court's ruling.
 
 
 2
 On May 7, 1987, an Oklahoma Gas and Electric Company (OG & E) field man, Kelly Clonts, was sent to the Hubberts' home to collect an overdue electric bill. Clonts knocked on the door and was met by Mr. Hubbert, who said he had already paid the bill. Clonts called his dispatcher and was informed there was no record of the payment. Clonts returned to the house and told Mr. Hubbert he would cut off service if he was not paid immediately. The two men then engaged in a verbal dispute. Mr. Hubbert told Clonts he would throw him off the porch if he did not leave.
 
 
 3
 Clonts then called the dispatcher and asked for assistance from the Moore Police Department. Meanwhile, Mr. Hubbert called the OG & E office and was informed there was no record of his payment. Mr. Hubbert stated he would go immediately to the OG & E office and pay the bill a second time.
 
 
 4
 Soon after Mr. Hubbert left to pay the bill, Officers McCoy and Doran arrived at the Hubberts' residence. Clonts explained the situation to the officers. He then spoke to his supervisor, who told him to collect payment or disconnect the service. Clonts spoke with Mrs. Hubbert, who also refused to pay him. He then proceeded to the Hubberts' backyard to disconnect the service. McCoy and Doran followed him.
 
 
 5
 After entering the gate, Clonts and the two officers encountered Mrs. Hubbert, who was running in their direction with a knife in her hand. McCoy drew his gun and Doran pulled out his baton. They ordered Mrs. Hubbert to drop the knife. She refused to do so and ran back into the house. The officers asked Mrs. Hubbert to come outside, but she did not comply. After Mr. Hubbert returned, he convinced his wife to leave the house. Mrs. Hubbert was arrested for assault with a dangerous weapon.
 
 
 6
 Criminal charges were filed against Mrs. Hubbert in Cleveland County, Oklahoma. At the preliminary hearing, Clonts, McCoy, and Doran testified and were cross-examined by Mrs. Hubbert's counsel. After hearing the testimony, the judge determined there was probable cause for the arrest. Mrs. Hubbert was bound over for trial.
 
 
 7
 Clonts, McCoy, and Doran testified at the trial. Mrs. and Mr. Hubbert and another witness also testified on Mrs. Hubbert's behalf. The case was submitted to the jury and Mrs. Hubbert was acquitted.
 
 
 8
 The Hubberts filed this civil action in federal district court against the City of Moore, OG & E, Doran, and McCoy, alleging various pendent state claims and civil rights violations under 42 U.S.C. Secs. 1983 and 1985. At the heart of this lawsuit is the Hubberts' assertion that Mrs. Hubbert was arrested without probable cause.
 
 
 9
 Doran and McCoy filed a motion for summary judgment. The district court granted this motion on the state claims and the section 1985 claim. The court, however, denied Doran and McCoy's motion for summary judgment on the section 1983 claim based on qualified immunity, concluding there was a material issue of fact concerning whether the officers had probable cause to arrest Mrs. Hubbert.
 
 
 10
 Doran and McCoy filed a motion to reconsider with the district court. They also filed a notice of appeal with this court. The appeal was dismissed because the district court had not yet ruled on the motion to reconsider. That motion was subsequently denied by the district court.
 
 
 11
 Meanwhile, the Oklahoma Civil Court of Appeals decided Adamson v. Dayton Hudson Corp., 774 P.2d 478 (Okla.App.1989), a case addressing the preclusive effect of a finding of probable cause in a criminal proceeding resulting in an acquittal. Because of this decision, the City of Moore, OG & E, Doran, and McCoy jointly filed an application for leave to file a motion for summary judgment out of time, which was granted. The defendants argued in their motion that the Hubberts were collaterally estopped from arguing the officers had arrested Mrs. Hubbert without probable cause because the question already had been decided at Mrs. Hubbert's preliminary hearing. The district court denied the motion for summary judgment on October 10, 1989. Doran and McCoy filed their notice of appeal with this court on that day. The City of Moore and OG & E did not join in this appeal.
 
 
 12
 We first consider whether we have jurisdiction to consider this appeal. The Hubberts contend the notice of appeal does not meet the requirements of Federal Rule of Appellate Procedure 3(c) because it does not specify the parties appealing from the district court's order. The caption of the notice of appeal includes the City of Moore, OG & E, Doran, and McCoy. The body of the notice states: "[n]otice is hereby given that Defendants appeal to the United States Court of Appeals for the Tenth Circuit from the Order denying their summary judgment...." The Hubberts assert this appeal must be dismissed under the Supreme Court's decision in Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), because the notice does not clearly indicate only Doran and McCoy are appealing.
 
 
 13
 In Torres, the Supreme Court characterized Rule 3(c) as a jurisdictional requirement, emphasizing that failure to name a party in a notice of appeal constitutes a failure to appeal. Id. at 314, 108 S.Ct. at 2407. Such a defect is not merely an excusable "informality." Id. As the Court pointed out, "[p]ermitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions." Id. at 318, 108 S.Ct. at 2409.
 
 
 14
 The Court, however, left open the possibility that defects in a notice of appeal may be remedied by filing other documents supplying omitted information. It stated that "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court nonetheless may find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Id. at 316-17, 108 S.Ct. at 2408 (emphasis added). In interpreting Torres the Third and Fifth Circuits have held a court has jurisdiction if the appellant files additional documents resolving any defects in the notice within the time limit for filing a notice of appeal. See Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 664-65 (3d Cir.1990); Warfield v. Fidelity & Deposit Co., 904 F.2d 322, 325 (5th Cir.1990); Brotherhood of Ry. Carmen v. Atchison, Topeka & Santa Fe Ry., 894 F.2d 1463, 1465 (5th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 131, 112 L.Ed.2d 99 (1990).
 
 
 15
 We agree with this interpretation of Torres. In the present case, Doran and McCoy filed their docketing statement within the time limit for filing a notice of appeal. This document indicates the parties filing the appeal are "Defendants/Appellants, Tim Doran and Alan McCoy." The filing of the docketing statement cures the defect in the notice of appeal.
 
 
 16
 This case is distinguishable from our recent decision in Laidley v. McClain, 914 F.2d 1386 (10th Cir.1990). There, we concluded the docketing statement could not cure a defect in the notice because it was filed after the time for filing a notice of appeal had expired. We pointed out that filing a late docketing statement to cure a defective notice is no different than untimely filing an adequate notice of appeal. See id. at 1389; see also Santos-Martinez v. Soto-Santiago, 863 F.2d 174, 176 (1st Cir.1988) (no jurisdiction when defective notice of appeal not cured); cf. Pride v. Venango River Corp., 916 F.2d 1250, 1253 (7th Cir.1990) (refusing to consider any document functional equivalent of notice of appeal). Unlike the situation in Laidley, Doran and McCoy filed a docketing statement containing the information required by Rule 3(c) before the deadline for filing a notice of appeal had passed. We find no bar to our jurisdiction over Doran and McCoy's appeal.
 
 
 17
 Doran and McCoy contend the question of probable cause was determined conclusively in the criminal proceeding and no genuine issue of material fact remains for the district court to determine. In reviewing a court's denial of a motion for summary judgment, we apply the same standard that the district court used under Federal Rule of Civil Procedure 56(c). Weir v. Anaconda Co., 773 F.2d 1073, 1079 (10th Cir.1985). We examine the record in a light most favorable to the non-moving party to ascertain whether any genuine issue of material fact remains and, if not, whether the lower court correctly applied the substantive law. Franks v. Nimmo, 796 F.2d 1230, 1235 (10th Cir.1986). We review de novo the legal question whether collateral estoppel bars relitigation of the issue of probable cause in a subsequent civil action. See, e.g., DeVargas v. Montaya, 796 F.2d 1245, 1248 (10th Cir.1986).
 
 
 18
 In Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), the Supreme Court held a federal court considering a section 1983 action must give preclusive effect to a state court judgment to the same extent a court in that state would. Because the preclusive effect of a prior state court judgment is defined by that state's law, see, e.g., Thournir v. Meyer, 803 F.2d 1093, 1094 (10th Cir.1986); Carpenter v. Reed, 757 F.2d 218, 219 (10th Cir.1985); Slayton v. Willingham, 726 F.2d 631, 633 (10th Cir.1984), we must turn to Oklahoma law to determine whether a probable cause finding in a criminal proceeding resulting in an acquittal collaterally estops consideration of that issue in a civil case.
 
 
 19
 In a recent decision, Adamson v. Dayton Hudson Corp., 774 P.2d 478 (Okla.App.1989), the Oklahoma Civil Court of Appeals considered the preclusive effect of a prior finding of probable cause. In Adamson, the plaintiff brought a civil action for false arrest after having been detained by a security guard at a department store. At a preliminary hearing, the court found there was probable cause to believe the plaintiff had committed the crime of larceny. She was tried and acquitted. In the subsequent action for false arrest, the plaintiff claimed the security guard did not have probable cause to detain her. Id. at 479. The court held the plaintiff had a full and fair opportunity to litigate the question of probable cause at the preliminary hearing and was thus estopped from relitigating the issue in the civil suit. Id. at 480. The court noted "a finding of probable cause was not only necessary to bind Plaintiff over for trial, but a requirement which must be met by affirmative evidence." Id.
 
 
 20
 The Adamson decision is consistent with the Oklahoma Supreme Court's decision in Lee v. Knight, 771 P.2d 1003 (Okla.1989). In Lee, the court held the parties in a civil action are collaterally estopped from relitigating issues that are conclusively determined in a prior criminal proceeding resulting in a conviction. Id. at 1006. Because we read the Adamson decision as a logical extension of the Oklahoma Supreme Court's holding in Lee, we are convinced the question of probable cause is conclusively determined at a preliminary hearing when the parties have had a full and fair opportunity to litigate that issue. See Adamson, 774 P.2d at 480; see also McCurry, 449 U.S. at 95, 101 S.Ct. at 415 (collateral estoppel cannot apply when party did not have full and fair opportunity to litigate issue). We reject the district court's argument that Lee allows preclusion on the issue of probable cause only when the case results in a conviction. Whether the jury eventually convicts the defendant of the crime has no bearing on the question whether the officer had probable cause to make the arrest. We conclude the Adamson opinion correctly states Oklahoma law on the preclusive effect of a probable cause finding at a preliminary hearing.
 
 
 21
 The Hubberts contend an issue of material fact remains about whether they had a full and fair opportunity to litigate the question of probable cause at the preliminary hearing because the hearing was "tainted" by false or misleading testimony by the arresting officers. Our review of the record, however, reveals no genuine dispute about whether Mrs. Hubbert had an opportunity to fully and fairly litigate the issue. Her counsel had ample opportunity to present evidence, review evidence the prosecution presented, and cross-examine the witnesses against her. We hold no genuine issue of material fact remains because probable cause was fully and fairly litigated in the prior criminal proceeding and cannot be relitigated in this civil action. We conclude Doran and McCoy had probable cause to make the arrest and thus are entitled to qualified immunity from liability in the Hubberts' section 1983 action, see Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); Jones v. City and County of Denver, Colorado, 854 F.2d 1206, 1210 (10th Cir.1988). We therefore REVERSE the district court's denial of the defendants' motion for summary judgment and REMAND for further proceedings consistent with this opinion.