931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Evans GARCIA, et al., Defendants-Appellees.
 No. 90-1333.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Manuel Sesario Depineda filed three separate civil rights actions pursuant to 42 U.S.C. Sec. 1983. The defendants in the first action were plaintiff's court-appointed attorneys in the state criminal proceedings against him, Evans Garcia and Lisa Wayne. In the second case, the prosecutors in those state proceedings, Norm Early, Jr., Lamar Sims, and David Olivas, were named as defendants. Several other individuals involved in plaintiff's prosecution, including Federico Pena, Manual Martinez, D. Hidlebrandt, Calvin Hemphill, D. Ponterelli, J. Rock, and Sandra Young, were the named defendants in the third complaint. The district court adopted the magistrate's recommendations and dismissed all of plaintiff's claims.
 
 
 3
 We must first determine the proper parties to this appeal. Plaintiff's notice of appeal listed "Evans Garcia, et al." as the appellees. We do not have jurisdiction over the defendants below not specifically named in the notice of appeal. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 315 (1988). Plaintiff's appellate brief, however, which was filed before the running of the time for appeal, listed "Evans Garcia, Lisa Wayne, et al." as the appellees. This court has held it does have jurisdiction over parties named in documents filed with this court within the time for filing the notice of appeal. See Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991). Evans Garcia and Lisa Wayne are therefore the only appellees in this case over which this court has jurisdiction.
 
 
 4
 As plaintiff is representing himself, his complaint will be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). To state a valid claim under section 1983, plaintiff must allege Evans and Wayne deprived him of a right secured by the United States Constitution while acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150.
 
 
 5
 The district court properly concluded plaintiff could not state a claim for relief against Evans and Wayne. Plaintiff sued Evans and Wayne in their capacities as public defenders. An individual acting in his or her traditional role of representing a criminal defendant is not a person acting under color of state law and therefore is not subject to an action under section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3