Karen L. FRANKLIN and Ronnie Franklin, Plaintiffs–Appellants,

v.

Kevin THOMPSON, an individual, Defendant–Appellee.

No. 92–6084.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1992.

Robert K. McCune and Kevin L. Miller, of Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Oklahoma City, OK, for plaintiffs-appellants.

Robert E. Manchester and Chris J. Collins, of Manchester, Hilgten & Healy, Oklahoma City, OK, for defendant-appellee.

Before MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.

TACHA, Circuit Judge.

This action arises out of an altercation between plaintiff Karen L. Franklin and defendant Kevin Thompson, an Oklahoma City police officer, at a truck stop in Oklahoma City in the early morning hours of July 7, 1989. The incident resulted in plaintiff's arrest and subsequent convictions for disorderly conduct, public drunkenness, and resisting arrest. Plaintiff did not appeal her convictions.·

Plaintiff subsequently filed suit in federal district court under 42 U.S.C. § 1983 against defendants Kevin Thompson and the city of Oklahoma City, alleging excessive force and false arrest in violation of her Fourth and Fourteenth Amendment rights.[1] The district court granted defendant's motion for partial summary judgment on the false arrest claim, finding that plaintiff was collaterally estopped from presenting her false arrest claim because the issue had been previously litigated and decided in her state criminal proceeding. The issue of excessive force was tried to a jury who returned a verdict in favor of defendant.

On appeal,[2] plaintiff contends that the district court erred in (1) granting partial summary judgment to defendant on the false arrest claim based on collateral estoppel; (2) refusing to admit plaintiff's exhibits # 7 and # 27 into evidence at trial; and (3) denying plaintiff's motion for new trial. We affirm.

## STANDARDS OF REVIEW

Our review of the district court's grant of partial summary judgment to defendant involves the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). Defendant has the burden of establishing that he is entitled to summary judgment, and we review the record in the

---

* Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. Plaintiff's claims against the city of Oklahoma City were dismissed by the district court on April 15, 1991. Plaintiff does not appeal this decision.

    Apparently, Ronnie Franklin, as plaintiff's husband, filed a claim for loss of consortium in the § 1983 action. Although Ronnie Franklin is named in the case caption and also named in

the notice of appeal, the parties are now divorced and it does not appear that he is a party to this appeal.

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

light most favorable to the plaintiff. *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991).

The legal question of whether collateral estoppel bars the relitigation of the issue of probable cause in a subsequent civil rights action is reviewed de novo. *Hubbert v. City of Moore*, 923 F.2d 769, 772 (10th Cir.1991). The district court's decision regarding the admission or exclusion of evidence is reviewed for an abuse of the court's discretion. *Durtsche v. American Colloid Co.*, 958 F.2d 1007, 1011 (10th Cir. 1992). The district court's denial of a motion for new trial is reviewed for a "manifest abuse of discretion." *Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

## COLLATERAL ESTOPPEL

■ In *Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980), the Supreme Court determined that judgments rendered upon matters in issue in state criminal proceedings may collaterally preclude their relitigation in a subsequent civil suit brought under 42 U.S.C. § 1983. Our threshold question in this case is whether, under the Oklahoma rules of collateral estoppel, plaintiff's misdemeanor convictions foreclose her from challenging the legality of her arrest in a subsequent civil action.

Defendant contends that plaintiff's criminal conviction for disorderly conduct precludes relitigation of the legality of the underlying arrest in a civil rights action. In response, plaintiff argues that the issue should not be precluded because she did not receive an opportunity to fully and fairly litigate the issue at the time of her criminal trial. *See Allen*, 449 U.S. at 95, 101 S.Ct. at 415; *see also Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d at 1520 (issue must have been determined in previous litigation "by a valid final judgment to which such determination was essential").

■ Title 28 U.S.C. § 1738 requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96, 101 S.Ct. at 415. The federal court must apply the state collateral estoppel rules when determining whether a prior state court judgment bars litigation of an issue in a § 1983 claim. *Haring v. Prosise*, 462 U.S. 306, 314, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983); *Hubbert v. City of Moore*, 923 F.2d at 772–73.

■ In Oklahoma, collateral estoppel is applicable to all issues raised in subsequent civil litigation which were determined by a prior judgment of criminal conviction. *Lee v. Knight*, 771 P.2d 1003, 1006 (Okla.1989). The Oklahoma court, applying Seventh Circuit standards, stated that the issue must meet four requirements in order to be afforded preclusive effect.

> "[T]he issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding."

*Adamson v. Dayton Hudson Corp.*, 774 P.2d 478, 480 (Okla.Ct.App.1989) (quoting *Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985)).

■ We agree with the district court that plaintiff had every opportunity to litigate the issue of whether the conduct for which she was arrested occurred in the presence of the arresting officer.[3] The issue of whether plaintiff's conduct occurred in the presence of the defendant was an integral part of her conviction. *See St. Clair v. Smith*, 293 P.2d 597, 599 (Okla.1956) (officers arresting a defendant for an offense committed in their presence affords them same protection as if they

---

3. A claim of false arrest is premised on a lack of probable cause, a constitutional right under the Fourth Amendment. However, in Oklahoma, the standard for deciding the legality of a warrantless arrest for a misdemeanor is whether the offensive conduct occurred in the presence of the arresting officer. Okla.Stat. tit. 22, § 196(1). It can be presumed as a matter of law that if the higher standard is met, the officer had probable cause to arrest.

had a valid warrant); *Alsup v. Skaggs Drug Ctr.*, 203 Okl. 525, 223 P.2d 530, 533 (1949) (false arrest occurs when an officer arrests a defendant for a misdemeanor which is neither committed nor attempted in the presence of the arresting officer).

Plaintiff's conviction conclusively established that she was disorderly and was based upon the only prosecution evidence before the court, the testimony of the arresting officer. Therefore, the criminal court accepted as fact that the offensive conduct occurred in the presence of the arresting officer. Plaintiff did not appeal her conviction. We agree with defendant that plaintiff's conviction, not challenged on appeal, establishes the legality of the arrest and precludes relitigation of the issue in her § 1983 action. Accordingly, the district court was correct in granting partial summary judgment to the defendant on the false arrest issue.

## MOTION FOR NEW TRIAL

■ In support of her motion for new trial, plaintiff argues that the district court erred in refusing to admit plaintiff's exhibits # 7 and # 27 into evidence and that the verdict was based upon false evidence resulting in a miscarriage of justice. "A motion for a new trial is not regarded with favor and should only be granted with great caution." *United States v. Thornbrugh*, 962 F.2d 1438, 1443 (10th Cir.1992).

Rule 103 of the Federal Rules of Evidence states that the admission or exclusion of evidence is harmless error unless a substantial right of a party is adversely affected. *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1407 (10th Cir.1988). Plaintiff's exhibits # 7 and # 27 allegedly reflected prior, inconsistent statements made by two of the defense witnesses. Plaintiff does not refute defendant's contention that both exhibits were used extensively during the trial; that they were blown up on magnetic boards; and that they were presented to the jury for inspection during cross-examination of the witnesses. Our review of the record reveals that the jury had ample opportunity to hear the testimony of the witnesses, be apprised of the alleged inconsistencies in their testimony, and

judge the truth or falsity of the evidence offered. Consequently, considering the record as a whole, plaintiff has failed to meet her burden of establishing that the district court's refusal to allow the exhibits into evidence is grounds for a new trial.

■ We do not agree with plaintiff that the jury's decision to believe some witnesses over other witnesses constitutes a miscarriage of justice requiring a new trial. On appeal, this court does not make a de novo review of the sufficiency or weight of the evidence. *Karns v. Emerson Elec. Co.*, 817 F.2d 1452, 1456 (10th Cir.1987). "Reversal is appropriate only when the verdict is 'clearly, decidedly, or overwhelmingly' against the weight of the evidence." *Id.* (quoting *Brown v. McGraw–Edison Co.*, 736 F.2d 609, 616 (10th Cir.1984)).

■ We give the trial court's denial of plaintiff's motion for new trial considerable deference, reversing it only for a "gross abuse of discretion." *Karns*, 817 F.2d at 1460. We are convinced by our review of the record that the evidence was sufficient to support the jury's verdict in favor of defendant. Therefore, we hold that the district court's denial of plaintiff's motion for a new trial was not an abuse of discretion.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.