989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marcus R. MILLER, Plaintiff-Appellant,
v.
Stanley GLANZ, Sheriff; Bob Bates, Deputy Sheriff; Dan
Cherry, Captain; Lance Ramsey, Deputy Sheriff; Jerry
Bagby, Deputy Sheriff; George Rogers, Deputy Sheriff;
Dewayne Harris, Deputy Sheriff; Don P. Holyfield, Director;
Clent Dedek, Commissioner; John Doe, Investigator; Dr.
Barnes; John Doe, Deputy Sheriff; Jane Doe, Nurse # 1;
Jane Doe, Nurse # 2; Johnny F. Dirck, Director of Council
on Law Enforcement Education & Training, Defendants-Appellees.
 No. 92-5108.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BRIMMER, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Marcus R. Miller appeals the district court's order granting summary judgment to defendants on his 42 U.S.C. § 1983 claim of use of excessive force. On appeal plaintiff argues that the district court erred in granting summary judgment to defendants on plaintiff's excessive force claim based on collateral estoppel, and that the court erred in refusing to appoint counsel for plaintiff.
 
 
 6
 Plaintiff filed his civil rights complaint against defendants claiming that while incarcerated in the Tulsa City-County Jail, he was assaulted and beaten by Deputy Sheriffs Ramsey, Bates, and Bagby. In an order filed January 29, 1991, the district court dismissed several of plaintiff's claims as barred by collateral estoppel and dismissed plaintiff's remaining claims as failing to state a claim. On appeal, this court reversed the district court's dismissal of plaintiff's excessive force claim affirmed the court's dismissal of plaintiff's remaining federal claims, and remanded for further proceedings. See Miller v. Glanz, 948 F.2d 1562, 1572 (10th Cir.1991).
 
 
 7
 This court directed the district court to consider the collateral estoppel effect of plaintiff's state criminal conviction on the second of two of plaintiff's allegations of the use of excessive force. Id. at 1567. On remand the district court converted defendants' motion to dismiss to a motion for summary judgment in order to consider materials outside the pleadings. In its order of May 6, 1992, the district court concluded that plaintiff's excessive force claim was barred by collateral estoppel and granted the defendants summary judgment. Plaintiff returns to this court to appeal this decision. We affirm.
 
 
 8
 As stated, this action arises out of an incident in the Tulsa City-County Jail on December 13, 1989. Plaintiff was incarcerated in the jail awaiting trial on charges of possession of a controlled drug and larceny of merchandise from a retailer. Apparently, plaintiff left the jail law library without permission in contravention of jail rules. Plaintiff became belligerent when Deputy Ramsey told him to return to the library. When Deputy Ramsey informed plaintiff that his law library privileges were revoked for the day and told him to place his hands behind his back for handcuffing and return to his cell, an altercation took place which resulted in facial abrasions to Deputy Ramsey.
 
 
 9
 After the initial scuffle, during which Deputy Ramsey claims that plaintiff struck him, it appears that Deputy Ramsey got plaintiff into a holding cell and called for help from other deputies. Deputy Bates and Deputy Bagby answered the call, and all three officers went into the holding cell to handcuff plaintiff. The defendants contend that plaintiff was hostile and combative, and therefore a certain amount of force was necessary in order to subdue him. Deputy Bagby claims that, during this second altercation, plaintiff struck him, knocking off his glasses. Plaintiff, on the other hand, asserts that the officers hit, kicked, and jumped on him, for no reason.
 
 
 10
 Plaintiff was subsequently charged with assault and battery on an officer. Following a jury trial, plaintiff was found guilty and sentenced to twenty years' imprisonment. Plaintiff filed this civil rights action charging defendants with excessive force, deliberate indifference to medical needs, false imprisonment, malicious prosecution, cruel and unusual punishment, biased investigations, discriminatory acts to prolong incarceration, negligent failure to train and certify deputies, and intentional infliction of emotional distress. In this second appeal, we consider only the district court's grant of summary judgment to defendants on the excessive force claim as it relates to the deputies actions after plaintiff was placed in the holding cell.
 
 
 11
 Our review of the district court's grant of summary judgment to defendants involves the same standard employed by the district court under Rule 56(c) of the Federal Rules of Civil Procedure. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). The question whether collateral estoppel bars relitigation of an issue in a civil action is reviewed de novo. Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991).
 
 
 12
 The Supreme Court has held that issues decided in state criminal proceedings are collaterally precluded from relitigation in subsequent § 1983 civil suits. Allen v. McCurry, 449 U.S. 90, 103-04 (1980). The issue must have been determined in the previous criminal litigation "by a valid final judgment to which such determination was essential." Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir.1990). In determining whether a prior state court judgment precludes subsequent litigation of an issue, the court must apply state collateral estoppel rules. Haring v. Prosise, 462 U.S. 306, 314 (1983); Hubbert, 923 F.2d at 772-73.
 
 
 13
 The Oklahoma Supreme Court has held that collateral estoppel applies to all issues decided in a prior criminal proceeding which are raised in subsequent civil litigation. Lee v. Knight, 771 P.2d 1003, 1006 (Okla.1989). The Oklahoma court, looking to the Seventh Circuit for its collateral estoppel standards, stated:
 
 
 14
 "[T]he issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding."
 
 
 15
 Adamson v. Dayton Hudson Corp., 774 P.2d 478, 480 (Okla.Ct.App.1989) (quoting Guenther v. Holmgreen, 738 F.2d 879, 884 (7th Cir.1984), cert. denied, 469 U.S. 1212 (1985)).
 
 
 16
 Defendants contend that plaintiff had a full and fair opportunity to litigate the excessive force question at the time of his criminal trial. See Hubbert, 923 F.2d at 773. The district court agreed, concluding that the incidents were treated as one continuous event at the time of plaintiff's criminal trial, and that evidence was presented to the jury as to both sides' version of the series of events, both in the hallway, and in the holding cell. Our review of the transcript of plaintiff's criminal trial supports this conclusion. Evidence and testimony was presented as to all events from the point that plaintiff left the law library, through his return to his cell and his follow-up medical care.
 
 
 17
 In assessing a claim of excessive force in an emergency situation threatening the safety of prison staff or other inmates, the Supreme Court's standard is a determination of whether the prisoner was subjected to malicious and sadistic conduct. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In a nonemergency situation, the Court has held that an Eighth Amendment "deliberate indifference" standard should be applied. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). In remanding the issue of excessive force, this court determined that plaintiff's complaint sufficiently stated a claim for excessive force under either the Whitley standard or the deliberate indifference standard. On remand, we directed the district court to determine whether plaintiff continued to pose a threat to the jail personnel and environment after he was placed in the holding cell. Miller, 948 F.2d at 1567.
 
 
 18
 Our review of the transcript convinces us that the facts, as presented to the jury during plaintiff's criminal trial, indicate that the use of reasonable force was necessary in order to restrain plaintiff and gain his compliance with jail directives. In determining whether plaintiff's assault on the deputies was in self defense, the jury had to make a determination regarding whether the deputies' actions were justified. The incident was presented as one continuous string of events. Consequently, the district court was correct in determining that plaintiff received a full and fair opportunity to litigate the excessive force issue at the time of his criminal trial.
 
 
 19
 Plaintiff's attempt to convince the jury that his actions were in self defense, both because it was not normal jail policy to handcuff a prisoner behind his back and because of the actions of the deputies, failed. The jury did not accept plaintiff's defense, but concluded that plaintiff was the aggressor and that the deputies' actions were warranted. Plaintiff's excessive force claim, as to the events in the holding cell, was presented to, and decided by, the jury in reaching its guilty verdict. Pursuant to Oklahoma's collateral estoppel rules, plaintiff's § 1983 excessive force claim is precluded.
 
 
 20
 Plaintiff's state law claims can only survive if his related federal claim is sufficient to support federal jurisdiction. See Plott v. Griffiths, 938 F.2d 164, 166-67 (10th Cir.1991). Consequently, the district court was correct in dismissing his state law claims in light of its determination that his federal claim was estopped. As to plaintiff's assertion that the district court erred in denying him appointed counsel, we hold that, because plaintiff does not have a colorable claim, the district court's denial of counsel was within its sound discretion. See Blankenship v. Meachum, 840 F.2d 741, 743 (10th Cir.1988).
 
 
 21
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3