16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael L. KADUK, Plaintiff-Appellant,
v.
Ronn ELLIS, Defendant,
and
Amerada Hess Corporation, Defendant-Appellee.
 No. 93-5041.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 The substantive issue in this case is whether the district court erred in imposing sanctions on attorneys litigating the circumstances of their client's dismissal from employment. We do not reach the merits, however, because we conclude that a faulty notice of appeal renders this court without appellate jurisdiction to decide the sanction issue.
 
 
 4
 This case was originally an action by plaintiff Michael Kaduk against his former employer, Amerada Hess Corporation, for damages arising from the termination of plaintiff's employment. Plaintiff argued he had lost his job because Amerada Hess had failed to train him regarding issues of sexual harassment. The district court granted summary judgment in favor of defendants and imposed sanctions on plaintiff's attorneys. Plaintiff appealed both the grant of summary judgment and the imposition of sanctions. The notice of appeal, however, listed only plaintiff as the appellant; plaintiff's attorneys, who were the subjects of the sanction, were not listed in the notice of appeal. This court requested briefing from the parties regarding whether it had jurisdiction to decide the sanctions issue. We now determine we lack jurisdiction over this issue and dismiss the appeal.[2]
 
 
 5
 Because plaintiff's attorneys were the parties aggrieved by the sanctions decision, they are the proper parties to appeal that decision to this court. Riggs v. Scrivner, Inc., 927 F.2d 1146, 1149 (10th Cir.), cert. denied, 112 S.Ct. 196 (1991). In order to comply with Fed. R.App. P. 3(c), however, "each and every appealing party must be specifically named in the notice of appeal or in a functionally equivalent document properly listing the appealing parties and filed within the appeal period." Storage Technology Corp. v. United States Dist. Court, 934 F.2d 244, 248 (10th Cir.1991). Failure to name specifically all of the parties taking the appeal presents a jurisdictional bar. Concorde Resources, Inc. v. Woosley (In re Woosley), 855 F.2d 687, 688 (10th Cir.1988). "The failure to name a party in a notice of appeal ... constitutes a failure of that party to appeal." Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988).
 
 
 6
 In Torres, however, the Supreme Court "left open the possibility that defects in a notice of appeal may be remedied by filing other documents supplying omitted information." Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir.1991). Plaintiff's attorneys argue that they fit into this exception because they listed the sanctions issue as the third ground for appeal in the notice of appeal, and because the district court clerk transmitted the district court's order and judgment imposing the sanctions to the Tenth Circuit within the thirty-day filing deadline. This, they contend, sufficiently and unambiguously identified them as appellants to both the court and the defendants. We disagree.
 
 
 7
 In Laidley v. McClain, 914 F.2d 1386 (10th Cir.1990), a case in which fewer than all of the plaintiffs were named in the notice of appeal, this court rejected an argument that the purpose behind Fed.R.Civ.P. 3(c) had been satisfied because both the defendants and the court believed that all of the plaintiffs were appealing. Id. at 1389. We observed that "the Torres court precluded any such subjective inquiry because it rejected the suggestion that a harmless error analysis should be applied to defects in the notice of appeal." Id. Whether defendant and this court had notice here of who was appealing the district court's order is similarly irrelevant.
 
 
 8
 Nor is this case controlled by Hubbert, 923 F.2d 769. In Hubbert, the notice of appeal contained the names of all the defendants, while the names of those defendants specifically appealing were listed only in the docketing statement. Id. at 772. Because Torres allows the consideration of other timely filed documents, id., the panel considered the docketing statement along with the notice of appeal and found sufficient compliance with Rule 3(c). The situation in Hubbert, however, is far removed from the facts of this case. Here, there is no single document filed within the filing period which specifically and unambiguously lists plaintiff's attorneys as parties bringing the appeal. The expectation that this court could assume the attorneys were appealing simply from reading the issues listed in the notice of appeal and the district court's order and judgment is the sort of subjective guesswork as to the identity of appellants that Torres was designed to eliminate.
 
 
 9
 The attorneys' suggestion that their failure to comply with the rules of appellate procedure somehow deprived them of due process is without merit. The law in this circuit is clear in requiring sanctioned attorneys who wish to appeal a sanction to include their names in a notice of appeal or functional equivalent. To argue that plaintiff's attorneys had no reasonable notice of this requirement is disingenuous.
 
 
 10
 This appeal is DISMISSED for lack of appellate jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 While this appeal was pending, the parties stipulated to the dismissal of plaintiff as a party to the appeal. The court granted the parties' stipulation to plaintiff's dismissal in an order filed November 30, 1993. Thus, the propriety of the district court's grant of summary judgment in favor of defendants is no longer at issue