48 F.3d 1231
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnny E. EVANS, Plaintiff-Appellant,
v.
Richard DUGGER, R.C. Daniels, David Brooks, Beckham County
Board of Commissioners, Defendants-Appellees.
 No. 94-6338.
(D.C. No. CIV 93-166-L)
 United States Court of Appeals, Tenth Circuit.
 March 13, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Evans appeals from the district court's dismissal of his 42 U.S.C.1983 action against Beckham County Board of County Commissioners for failure to state a claim upon which relief could be granted and its granting of summary judgment in favor of Richard Dugger, David Brooks, and R.C. Daniels. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 The parties are familiar with the facts and we will not restate them here. We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal, Jacobs, Visconsi & Jacobs Co. v. City of Lawrence, 927 F.2d 1111, 1115 (10th Cir.1991), and agree that Mr. Evans has failed to show that the Beckham County Board of County Commissioners exercised any authority over either his prosecution or trial. Thus, action under color of state law, as required for relief under 42 U.S.C.1983, is lacking. See West v. Atkins, 487 U.S. 42, 48-49 (1988).
 
 
 3
 Upon de novo review, we also deem appropriate the district court's grant of summary judgment. See James v. Sears, Roebuck & Co., Inc., 21 F.3d 989, 997-98 (10th Cir.1994). First, district attorney Dugger and assistant district attorney Brooks are absolutely immune from any 1983 liability arising from prosecutorial activities "intimately associated with the judicial phase of the criminal process...." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Second, a 1983 plaintiff's valid conviction in an Oklahoma court for the offense for which he was arrested, bars civil rights actions against all parties for false arrest, false imprisonment, and malicious prosecution. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994); Hubbert v. City of Moore, Okl., 923 F.2d 769, 773 (10th Cir.1991). Mr. Evans' claims arising from his two convictions therefore are barred. Lastly, despite Mr. Evans' acquittal, no 1983 liability against Mr. Daniels exists for false arrest, false imprisonment, or malicious prosecution, because, as a matter of law, sufficient probable cause existed at the time of his arrest to preclude these claims. See Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir.1992); Hubbert, 923 F.2d at 772.
 
 
 4
 To the extent that Mr. Evans raises a forfeiture argument in this appeal, we deem this argument waived by his failure to raise it below.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument