68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael L. KADUK, Plaintiff,
v.
AMERADA HESS CORPORATION, Defendant-Appellee,
and
Ronn Ellis, Defendant,
Thomas L. BRIGHT, Movant-Appellant.
 No. 95-5004.
(D.C.No. 91-C-849-B).
 United States Court of Appeals, Tenth Circuit.
 Oct. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.[2]
 
 BALDOCK
 
 1
 Movant-appellant Thomas L. Bright, appearing pro se, appeals an order of the district court denying his motion filed pursuant to Fed.R.Civ.P. 60(b)(6). We exercise jurisdiction pursuant to 28. U.S.C. 1291 and affirm.
 
 
 2
 Appellant, an attorney, and his co-counsel represented plaintiff Michael L. Kaduk in his suit against defendant Amerada Hess Corporation.[3] After defendant moved for summary judgment, plaintiff conceded two of his claims while contesting summary judgment on the other two.
 
 
 3
 In its order granting summary judgment for defendant on all claims, the district court characterized plaintiff's two surviving claims as "frivolous and incapable of prima facie redemption." Appellant's App. Vol. I at 273. The court ordered briefing on the issue of whether it should impose sanctions.
 
 
 4
 After a hearing, the court imposed a monetary sanction of $5,000 against both counsel personally pursuant to Fed.R.Civ.P. 11 and 28 U.S.C.1927. Plaintiff appealed both the court's summary judgment order and the sanctions order to this court, but later dismissed his appeal of the summary judgment order. This court dismissed the appeal for lack of jurisdiction as counsel had failed to include their names as appellants in the notice of appeal. See Kaduk v. Ellis, 16 F.3d 416 (10th Cir.1994)(table).
 
 
 5
 Approximately one month later, co-counsel filed a Rule 60(b)(6) motion seeking relief from the sanctions order. The district court granted her motion. Over five months later, and after defendant had moved for a hearing on appellant's assets preliminary to collecting on the judgment, appellant filed a Rule 60(b)(6) motion seeking relief from the order imposing sanctions.
 
 
 6
 On November 31, 1994, the magistrate judge recommended that appellant's motion be denied because appellant had not identified extraordinary circumstances sufficient to warrant relief under Rule 60(b)(6). On December 13, 1994, the district court, noting appellant had not filed objections to the magistrate judge's recommendation, adopted that recommendation and denied appellant's motion. Appellant appeals.
 
 
 7
 The record shows appellant did file objections to the magistrate judge's recommendation on December 13, 1994. However, these were untimely, being filed more than ten days after the magistrate judge's recommendation was served. See 28 U.S.C. 636(b)(1). Appellant does not argue that his objections were timely or that the district court should have considered them.
 
 
 8
 "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate. Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991) (citations and footnote omitted).
 
 
 9
 We do not apply this rule to pro se litigants if the magistrate judge did not inform the litigant that the failure to file objections would result in the loss of the right to appeal. The magistrate judge here did not so inform appellant. However, appellant is not the typical pro se litigant unschooled in the complexities of procedural rules. Rather, he is an attorney currently practicing in Oklahoma. We will not grant appellant the lenity afforded pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 10
 We have also held that we will not apply the waiver rule when the interests of justice so demand. Moore, 950 F.2d at 659. After examining the merits of this appeal, we cannot conclude that the interests of justice demand waiver of the rule here.
 
 
 11
 Defendant has requested damages and double costs on appeal pursuant to Fed. R.App. P. 38 and 28 U.S.C.1912. Appellant has had the opportunity to respond. See Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir.1987)(request for sanctions in brief is sufficient notice to party to permit response by opposing party).
 
 
 12
 We agree this appeal is frivolous. Appellant's motion was filed in district court to delay payment of the sanction. This appeal was simply another dilatory tactic and was filed in violation of our waiver rule.
 
 
 13
 We GRANT defendant's motion and award defendant double costs and damages in the amount of $1,000. The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 The parties stipulated to dismissal of defendant Ronn Ellis before Amerada Hess Corporation moved for summary judgment