**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY STUART SIMMS,

      Plaintiff - Appellant,

v.

CARL GIBSON, SAM STOSE,
BEVERLY MCKEE, SCOTT JULIAN,
and JIM HALLETT,

      Defendants - Appellees.

No. 05-5159
(D.C. No. 05-CV-098-E)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

Anthony Stuart Simms, proceeding pro se, appeals a district court judgment

dismissing his 42 U.S.C. § 1983 suit. Sims alleges that the state court judge who

accepted his guilty plea on drug charges, the assistant district attorney who

prosecuted him, the county clerk and two law enforcement officials deprived him

of his constitutional rights by conducting and sanctioning an illegal search. He

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

also claims that the defendants violated the Racketeer Influenced and Corrupt Practices Act ("RICO"), 18 U.S.C. §§ 1961, et seq., by prosecuting and convicting him. Because Simms' civil claims seek to undermine the validity of a conviction that has not been reversed, declared invalid, or otherwise called into question, we **AFFIRM** the district court's decision dismissing Simms' complaint.

Simms was stopped by Officer Sam Stose for a traffic violation, which led to Stose finding marijuana and marijuana-related paraphernalia. He was represented by a lawyer when he was brought into state court in Nowata County, Oklahoma on charges of possession of marijuana and possession of paraphernalia. In front of Judge Carl Gibson, he pled guilty to both charges.

Simms now sues under 42 U.S.C. § 1983, arguing that Stose engaged in an illegal search. He also argues that Judge Gibson, Assistant District Attorney Scott Julian, Nowata County Clerk Beverly McKee, County Sheriff Jim Hallett and Stose were members and servants of the "Nowata County domestic enemies of the Constitution" and violated RICO by trying to extort money from him by prosecuting him and accepting his guilty plea.

All defendants filed motions to dismiss. Simms moved for default judgment against Gibson. The district court denied the motion for default

judgment and dismissed Simms' complaint for failure to state a claim against any defendant.[1]

The district court's decision to dismiss all claims was proper. We review de novo a district court's decision to dismiss for failure to state a claim upon which relief can be granted. Beck v. Muskogee Police Dept., 195 F.3d 553, 556 (10th Cir. 1999). Simms' guilty plea in Oklahoma state court clearly precludes his § 1983 claim challenging the legality of his arrest. See Franklin v. Thompson, 981 F.2d 1168, 1171 (10th Cir. 1992). His guilty plea similarly bars his RICO claims because a defendant cannot bring a civil action that undermines the validity of his conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a . . . writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Further, the district court was right to note that Gibson is protected by absolute immunity because "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their

---

[1] The district court's decision to deny Simms' motion for default judgment was clearly correct. We review a district court's failure to grant default judgment for abuse of discretion. In re Rains, 946 F.2d 731, 732 (10th Cir. 1991). Because Simms did not apprise the court of any failure to fail to plead until after all defendants had appeared, and because no party was "essentially unresponsive," Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983), the district court did not abuse its discretion in denying Simms' motion for entry of default judgment.

judicial capacities." <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) (internal quotations omitted).

Accordingly, we **AFFIRM** the district court's order dismissing Simms' complaint.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge