Patricia Ann ADAMSON, Appellant,

v.

DAYTON HUDSON CORPORATION, a Minnesota corporation, Appellee.

No. 69674.

Court of Appeals of Oklahoma, Division No. 2.

April 18, 1989.

Micky Walsh, Walsh, Zorn & Self, Inc., Oklahoma City, for appellant.

C. William Threlkeld, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellee.

MEANS, Judge.

Plaintiff appeals from the trial court's order which sustained Defendant's motion for summary judgment and dismissed her lawsuit for false arrest. Having reviewed the record and applicable law, we affirm.

The sole issue for determination on this appeal concerns the effect of the probable cause determination made at Plaintiff's preliminary hearing in the criminal case. Defendant argues that because the probable cause issue was determined adversely to Plaintiff in the criminal proceedings, she is precluded from relitigating this issue in a civil case. This court agrees.

On August 21, 1986, Plaintiff was stopped and detained by a security guard at Defendant's Target Store in Midwest City. She was later arrested by the Midwest City Police for the crime of larceny from a merchant. On September 30, at her preliminary hearing, Judge Coffman found that there was "probable cause to believe that the defendant, Patricia Ann Adamson, committed the crime of larceny from a retailer," and bound her over for trial. Subsequently, Adamson was tried and acquitted.

She filed this action against Dayton Hudson Corporation, owner of the Target Store, for false arrest. Defendant moved for summary judgment, asserting that the issue of probable cause had already been determined adversely to Plaintiff. Defendant argued that Plaintiff was collaterally estopped from relitigating the issue.

Plaintiff's response to the motion argued the credibility of Rodney E. Coots, Defendant's employee who detained her. She further asserted that probable cause was a contested fact. Although Defendant cited a number of authorities for its propositions concerning collateral estoppel, Plaintiff relied solely on an Ohio Court of Appeals case in opposition to the motion. Plaintiff did not dispute that probable cause existed in order to bind her over for trial, but instead she argued that Defendant could not use the determination in a criminal trial in the subsequent civil proceedings.

After hearing argument, the court granted Defendant's motion for summary judgment. Plaintiff has appealed to this court, once again arguing that "the binding over of the appellant at the preliminary hearing should not automatically bar appellant [*sic*] subsequent civil claim." This court finds that the great weight of authority holds to the contrary.

Oklahoma law allows a merchant or his agent to detain a customer if that merchant "has reasonable grounds or probable cause to believe" the customer has wrongfully taken merchandise from the store. 22 O.S. 1981 § 1343. Subsection 1343(d), also provides that a "reasonable detention shall not constitute an unlawful arrest" for purposes of civil liability. Our law also provides that in a false arrest case, the plaintiff has the burden of proving a lack of probable cause. *Lewis v. Crystal Gas Co.*, 532 P.2d 431, 433 (Okla.1975). She further must prove this lack of probable cause by affirmative evidence. *Moore v. Target Stores, Inc.*, 571 P.2d 1236, 1239 (Okla.Ct.App.1977). Conversely, "[p]robable cause constitutes a

complete defense" to an action for false arrest. *Lewis*, 532 P.2d at 433. Upon proof of probable cause, all other circumstances, including malice and ill will, are irrelevant. *Towne v. Martin*, 196 Okl. 510, 513, 166 P.2d 98, 100 (1946).

Although Plaintiff concedes that, as a matter of law, Judge Coffman found probable cause existed, she argues that she should be allowed to litigate this issue again in civil proceedings. Once again, the sole authority cited for such a proposition is *Adamson v. May Co.*, 8 Ohio App.3d 266, 456 N.E.2d 1212 (1982). *Adamson* is clearly distinguishable from the facts of the instant case. Thus, Plaintiff's reliance on *Adamson* is unpersuasive.

In *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), the Supreme Court explained: "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." The Court recognized the purpose of collateral estoppel to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* In noting that the requirement of mutuality had been eliminated, the Court allowed a litigant who was not a party to the original suit to use collateral estoppel "offensively" in a new suit against the party who had lost on the specific issue in the prior lawsuit. *Id.* at 94–95, 101 S.Ct. at 414–15. The only limitation placed on this offensive use "is that the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Id.* at 95, 101 S.Ct. at 415. *Accord, Lee v. Knight*, 771 P.2d 1003, 60 Okl.B.J. 902 (1989).

In a case similar to that on appeal, the court in *Guenther v. Holmgreen*, 738 F.2d 879, 884 (7th Cir.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1182, 84 L.Ed.2d 329 (1985), stated that "the district court correctly determined that [Plaintiff's] probable cause claim was precluded by the state court's determination of that claim in the state criminal preliminary hearing." In so holding, the court set out the four requirements for issue preclusion:

> [T]he issue sought to be precluded must be the same as that involved in the prior judicial proceeding; the issue was litigated in the prior action; the issue was in fact actually determined in the prior proceeding; and the determination of that issue was necessary to support the judgment in the prior proceeding.

*Id.* 738 F.2d at 884.

Examining these four requirements, we find that each was met below. The issue of probable cause in the false arrest proceeding is identical to that at Plaintiff's preliminary hearing. Plaintiff had every opportunity to litigate this issue and the issue was in fact litigated as a necessary prerequisite to criminal trial. Furthermore, a finding of probable cause was not only necessary to bind Plaintiff over for trial, but a requirement which must be met by affirmative evidence. *Farmer v. State*, 565 P.2d 1068, 1072 (Okla.Crim.App.1977).

In the instant case, we find Plaintiff's claims precluded by the litigation of the issue of probable cause at her preliminary hearing. Our holding is further supported by language from *James v. Southwestern Insurance Co.*, 354 P.2d 408, 412 (Okla. 1960): "But even if the issue of probable cause in a malicious prosecution action had been present, the fact that upon preliminary hearing plaintiff was bound over for trial in the district court showed probable cause."

Accordingly, the order granting Defendant's motion for summary judgment and dismissing Plaintiff's lawsuit is affirmed.

REIF, P.J., and STUBBLEFIELD, J., concur.