Keith Miller CHRISTOPHER,
an Individual, Appellant,

v.

CIRCLE K CONVENIENCE STORES,
INC., a Texas Corporation; and
James Kirk, Appellees.

No. 75095.

Supreme Court of Oklahoma.

March 11, 1997.

As Corrected on Denial of Rehearing
May 6, 1997.

Caesar C. Latimer, Tulsa, for Appellant.

W. Michael Hill, Melvin C. Weiman, Edward J. Main, Secrest, Hill & Folluo, Tulsa, for Appellee.

SIMMS, Justice:

Plaintiff below, Keith Miller Christopher, appeals from a summary judgment in favor of defendant/appellee, Circle K, in an action brought by Christopher for false arrest. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for further proceedings. The intermediate appellate court held the defendant had failed to establish probable cause for the arrest because the magistrate's order after preliminary hearing binding plaintiff over for trial was not formally memorialized, and therefore it could not be given preclusive effect.[1]

We grant certiorari, vacate the opinion of the Court of Civil Appeals, and affirm the summary judgment in favor of defendant, Circle K.

The material facts are undisputed. An armed robbery of a Circle K store occurred on January 21, 1985. An employee of the store who was present during the robbery believed he recognized the robber, although he could not immediately identify him. The robber was wearing a nylon stocking over his face during the commission of the crime. The employee who had been present during the robbery was also present the following day when Christopher entered the Circle K and the employee recognized Christopher as the armed robber. The police were contacted and Christopher was arrested pursuant to an arrest warrant.

The District Attorney filed a Robbery With Firearms charge against Christopher and a preliminary hearing was subsequently conducted. At the conclusion of the preliminary hearing, Christopher was bound over for trial in the district court by the examining magistrate. Thereafter, Christopher was tried before a jury and acquitted of the Circle K robbery. This false arrest suit followed.

Circle K moved for summary judgment. The only evidentiary material attached by Circle K to support the finding of probable cause at the prior hearing was a copy of a page from the transcript of the preliminary hearing. Christopher filed a response but did not challenge the accuracy of the transcript or any material facts.

The trial court sustained the motion for summary judgment relying on *Adamson v. Dayton Hudson*, 774 P.2d 478 (Okl.Ct.App. 1989), which held that a finding of probable cause at a preliminary hearing precluded a plaintiff in a civil suit for false arrest from relitigating the issue of probable cause.

 The intermediate appellate court reversed the trial court because the finding of probable cause to bind Christopher over for trial was documented only by the excerpt from the transcript of the preliminary hearing and not by a "signed memorial" order specifically finding probable cause. The court found this absence of a memorialized order was violative of the holding of *Depuy v. Hoeme*, 775 P.2d 1339 (Okl.1989), that an unmemorialized order cannot be given preclusive effect. We find this rule of *Depuy* is not applicable here, however. In *Depuy* the Court was presented with unusual issues concerning preclusion based on obviously unique facts. There we were asked to determine whether a deceased predecessor judge's oral postdecree, midappeal directives modifying a previously issued injunction had res judicata effect in an enforcement proceeding before the successor judge.

Among other things, the Court recognized that a written memorial of a decision would not affect the validity or enforceability of a final judgment, but that no preclusive effect can be accorded a judge's ruling unless the decisions existence and its terms are established by record entry bearing the judge's signature.

 *Depuy* is not applicable to the instant case because there the parties disputed the terms of the unmemorialized decision at issue. Here, there is no dispute between Christopher and Circle K that probable

---

1. These Appellate proceedings have been stayed because of Circle K's Chapter 11 Bankruptcy proceedings. The stay order of the Federal Bankruptcy Court has been dissolved.

cause, the issue at the heart of this litigation, was found to exist at the preliminary hearing and that Christopher was bound over for criminal trial based on that finding. Neither is there a challenge to the regular nature of the preliminary hearing and its compliance with statutory procedures. A finding of probable cause is inherent in an order binding over a defendant for trial.

Title 22, O.S.1991, § 264, provides:

"If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner endorse on the complaint an order signed by him to the effect:

"It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A.B. guilty thereof order that he be held to answer the same."

■ In the summary judgment proceedings, the magistrate's finding of probable cause was not disputed nor was a challenge made to the order binding over as not properly endorsed by the magistrate as required by § 264, supra. Christopher's argument that the facts of the criminal case do not support a finding of probable cause by the magistrate is unavailing. The fact that the magistrate made a ruling finding probable cause in an endorsed order on the complaint is admitted, and no dispute remains on these issues. A copy of the transcript falls within the rubric of "evidentiary materials" for summary judgment purposes. If not disputed, it is taken as true. *Herring v. State ex rel. Okl. Tax Comm.,* 894 P.2d 1074, 1076 (Okl. 1995).

■ We agree with the holding in *Adamson v. Dayton Hudson Corp.,* supra, that an order at preliminary hearing binding over the defendant for criminal trial precludes relitigation of the issue of probable cause in a subsequent civil suit for false arrest following acquittal. In *Adamson* the plaintiff customer was detained by a security guard at defendant's store and later charged with the crime of larceny from a merchant. At her preliminary hearing, the court found there was probable cause to believe she had committed the crime and bound her over for trial. Subsequently she was tried and acquitted. In her later action for false arrest she did not dispute that probable cause existed in order to bind her over for trial, but she argued that the finding of probable cause at the preliminary hearing should not bar her from relitigating the issue in the civil suit.

The Court of Appeals (now Court of Civil Appeals) recognized that the finding of probable cause is a necessary prerequisite for a criminal trial which must be met by affirmative evidence, that the issue is identical in both proceedings and that plaintiff had a "full and fair opportunity" to litigate the issues as required by *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). It held plaintiff was therefore estopped to relitigate the issue in the civil suit.

This holding is consistent with our decision in *Lee v. Knight,* 771 P.2d 1003 (Okl.1989) where we held that collateral estoppel will apply to bar parties in a civil action from relitigating issues which are conclusively determined in a criminal action that results in a conviction. Reaching that decision we recognized that the offensive use of issue preclusion raises questions of fairness which are decisive, citing *Allen v. McCurry,* supra.

■ We agree with the observation of the court in *Hubbert v. City of Moore,* 923 F.2d 769 (10th Cir.1991), that *Adamson* is consistent with and a logical extension of this Court's decision in *Lee v. Knight,* supra, and that in Oklahoma the question of probable cause is conclusively determined at a preliminary hearing when the parties have had a full and fair opportunity to litigate that issue. Collateral estoppel cannot apply when a party did not have a full and fair opportunity to litigate an issue. *Allen v. McCurry,* 449 U.S. at 95, 101 S.Ct. at 415.

In the instant matter the record shows plaintiff was afforded a full and fair opportunity to litigate the issue of probable cause and no claim is made otherwise. Cf. *Bell v.*

*Dillard Department Stores, Inc.,* 85 F.3d 1451 (10th Cir.1996), where among several issues raised concerning the preclusive effect of rulings on pretrial motions in a municipal court case, the circuit court found that it could not determine that plaintiff had been afforded a full and fair opportunity to litigate in light of many disputed factual contentions. Concern of that court regarding rulings by two judges which were not properly memorialized are not relevant to the instant matter which has no disputed facts and involves an order from a preliminary hearing binding over a defendant for trial which is an inherent finding of probable cause. 22 O.S.1991 § 264.

■ A copy of the complaint bearing the endorsement of the magistrate is the best evidence of an adjudication of probable cause. Better practice dictates that a copy of the complaint with the endorsement of the magistrate should have been attached to defendant's motion for summary judgment. In this case, however, an unchallenged copy of the transcript of the preliminary hearing was sufficient for summary judgment purposes.

Opinion of the Court of Civil Appeals vacated and Judgment of the trial court AFFIRMED.

SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

KAUGER, C.J., concurs in result.

1. *Depuy v. Hoeme,* Okl., 775 P.2d 1339, 1342–1343 (1989). The signed and filed memorial *may but need not* be shown to have been entered on the court's journal record. *Cumby v. State ex rel. Vinzant,* Okl., 468 P.2d 490, 492 (1970).

2. The pertinent terms of 22 O.S.Supp.1993 § 977 are:
 "A. When *judgment upon a conviction is rendered,* the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:
 1st. The indictment and *a copy of the minutes of the plea* or demurrer.
 2nd. A copy of the *minutes of the trial.*
 3rd. The charges given or refused, and the endorsements, if any, thereon; and,

OPALA, Justice, concurring.

I concur in the court's decision that affirms the summary judgment.

Statutory recordkeeping regime for *civil* cases differs from its *criminal* counterpart. Proof of judicial acts that took place in civil litigation must be made by a memorial (journal entry) signed by the judge and filed in the case.[1] That requirement does not rigidly extend to criminal prosecutions. In the latter category the occurrence of rulings in the course of judicial proceedings may be proved in a variety of ways.[2] The magistrate's decision to bind over a felony defendant for trial may be established by (1) a certified copy of the court's minute that shows the judge's ruling;[3] (2) a signed endorsement of his ruling upon a court-filed document; or (3) a court reporter's transcript of the ruling made at the preliminary hearing. The last of these options was used in this case. Neither probative failure nor even a deficiency resulted from the mode of proof adopted by the defendant for the evidentiary material used in the summary judgment process.

*For the first time on rehearing* it is argued that "it would be a denial of due process" for this court to hold that this plaintiff may be barred from prosecuting his claim by the probable cause finding made at the preliminary hearing of the criminal proceeding. We are urged that, absent a right to appeal, one cannot be said to have had the requisite opportunity fully and fairly to litigate an

4th. A copy of the judgment, which shall include a notation of the date of birth of the defendant and the social security number of the defendant.
 B. The court shall obtain the date of birth of the defendant and the social security number of the defendant." (Emphasis supplied.)

3. *The clerk's minutes of the trial are a part of the criminal record. Humphrey v. State,* 3 Okl.Cr. 504, 106 P. 978 (syl.5)(1940). Appellate review of a criminal judgment roll *includes* the indictment or information, the trial court's *minutes* of the plea, and the judgment and sentence. *Camplain v. State,* Okl.Cr., 362 P.2d 464, 466 (1961). *See also Scott v. State,* 85 Okl.Cr. 213, 186 P.2d 336, 338 (syl.10) (1947); *Carr v. State,* 91 Okl.Cr. 94, 216 P.2d 333, 340 (1950).

issue. That opportunity is a *sine qua non* of issue preclusion.[4]

Because this challenge to the application of issue preclusion was not interposed until rehearing, it was not timely raised and must be saved for another day.[5]

---

**4.** *Veiser v. Armstrong,* Okl., 688 P.2d 796, 800 (1994). *Carris v. John R. Thomas & Associates., P.C.,* Okl., 896 P.2d 522, 529 n. 17 (1995).

**5.** *Brown v. State Election Bd.,* Okl., 369 P.2d 140, 151 (1962); *Hope v. Peck,* 38 Okl. 531, 134 P. 33 (1913).