1997 OK 144

**Connie DANNER and Donna Orman, formerly Danner, Appellees,**

v.

**DILLARD DEPARTMENT STORES, INC., a Delaware corporation, and Dawn Farris, Appellants.**

No. 86275.

Supreme Court of Oklahoma.

Nov. 25, 1997.

Steven L. Parker, Tecumseh, for Appellees.

Nathan L. Whatley, G. David Ross, Lytle, Soulé & Curlee, Oklahoma City, for Appellants.

HODGES, Justice.

¶ 1 The issue in this matter is whether defendants in a larceny prosecution had a full and fair opportunity to litigate the issue of probable cause for their arrest so as to preclude relitigation of that issue in their civil suit for malicious prosecution and intentional infliction of emotional distress against a department store and one of its sales clerks. This Court holds that they did not have the opportunity to fully and fairly litigate the issue of probable cause at their preliminary hearing. As a result, they were not barred from relitigating that issue in their civil action.

¶ 2 Dawn Farris was a sales clerk for Dillard Department Stores, Inc. (Dillard) at its store in Shawnee, Oklahoma. On August 28, 1993, Farris told store security and the Shawnee police that she had seen Donna Danner, and her mother, Connie Danner, grab approximately eleven pairs of jeans, run from the store, and speed from the store's parking lot in a dark blue car. Farris claimed to have recognized Donna Danner because they had attended the same high school. She identified the Danners in photo line ups. The Danners were arrested and charged with larceny. Donna Danner was taken from her place of employment in handcuffs.

¶ 3 At the Danners' preliminary hearing, the state presented the testimony of Farris, and another sales clerk, Paula Lyon. It was during Lyon's testimony that the Danners and their counsel first learned that a customer, Melody Winn, had been with Farris at a sales counter near the jeans when Farris called store security. This information was not available in the police report or any other document in the district attorney's file. Lyon's testimony also revealed that the customer's check would have been stamped by the Dillard cash register with the precise time the alleged theft occurred. The Danners were bound over for trial on the accusation made by Farris.

¶ 4 At trial, the state's case experienced a dramatic downturn. Melody Winn testified that she did not see the Danners and that she remembered nothing out of the ordinary occurring while she made her purchase at the sales desk. The Danners presented two alibi witnesses. One was a convenience store clerk who remembered that the Danners made a purchase at the convenience store where he worked. He produced a cash register receipt indicating the time the purchase was made. That time coincided with the time Farris alleged the Danners had stolen the jeans. Another witness testified that the Danners had delivered a puppy to her near the time of the alleged theft.

¶ 5 It was also during the trial that Farris began to recant much of her earlier state-

ment to police and testimony at preliminary hearing. At trial, Farris testified that she had not seen the women actually grab any jeans, that she had not seen them run out the door, and that she could not see the occupants of a blue car speeding from the parking lot. Conflicting evidence was presented as to whether the store's reward program for employee reporting of shoplifting was still in effect at the time of the alleged theft. The trial resulted in a jury verdict of not guilty.

¶ 6 The Danners then filed this civil action. It was tried to the court on claims of defamation, malicious prosecution, and intentional infliction of emotional distress. The trial judge refused to award damages on the claim for defamation. He did, however, award each of the Danners $30,00.00 in damages for the other two claims and $3,500.00 each in attorney fees for a total award of $67,000.00. The trial judge made a specific finding that the Danners had not had a full and fair opportunity to litigate the issue of probable cause at their preliminary hearing. The Court of Civil Appeals reversed and this Court granted certiorari review.

■ ¶ 7 Resolution of the issue raised on certiorari depends upon whether the facts of this case bring it within the exception to the rule stated in a line of cases beginning with the Court of Civil Appeals opinion in *Adamson v. Dayton Hudson Corp.*, 774 P.2d 478 (Okla.App.1989), and culminating with this Court's recent adoption of that rule in *Christopher v. Circle K Convenience Stores, Inc.*, 937 P.2d 77 (Okla.1997). The rule states that "an order at preliminary hearing binding over the defendant for criminal trial precludes relitigation of the issue of probable cause in a subsequent civil suit for false arrest following acquittal." *Id.* at 79. Thus, the finding of probable cause at preliminary hearing provides a complete defense to a civil action based on the arrest.

¶ 8 The rule, however, has an important exception. "Collateral estoppel cannot apply when a party did not have a full and fair opportunity to litigate an issue." *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)). Thus, the dispositive issue is whether the Danners had

a full and fair opportunity to litigate the issue of probable cause at preliminary hearing.

■ ¶ 9 The purpose of collateral estoppel is to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (quoted in *Adamson v. Dayton Hudson Corp.*, 774 P.2d 478, 480 (Okla.App.1989)). However, because "neither judges, the parties, nor the adversary system performs perfectly in all cases, the requirement of determining whether the party against whom an estoppel is asserted had a full and fair opportunity to litigate is a most significant safeguard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979) (quoting *Blonder–Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971)).

Section 29 of the Restatement (second) of Judgments states:

A party precluded from relitigating an issue with an opposing party ... is also precluded from doing so with another person unless the fact that he lacked full and fair opportunity to litigate the issue in the first action or other circumstances justify according him an opportunity to relitigate the issue. The circumstances to which consideration should be given include those enumerated in section 28 and also whether:

· · · ·

(8) other compelling circumstances make it appropriate that the party be permitted to relitigate the issue.

Section 28(5)(c) states that issue preclusion does not apply if "the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action." Specifically, there are "various factors which should enter into a determination whether a party has had his day in court [including] such considerations as ... the availability of new evidence...." *Schwartz v. Public Adm'r of Bronx County*,

24 N.Y.2d 65, 298 N.Y.S.2d 955, 961, 246 N.E.2d 725, 729 (1969).

¶ 10 Two aspects of the Danners' preliminary hearing demonstrate that they were not afforded a full and fair opportunity to litigate whether probable cause existed for their arrest. First, the determination of probable cause was based on the false testimony of Dawn Farris at preliminary hearing. At trial she recanted virtually all the key accusations necessary to conclude that a crime had occurred and that the Danners were likely to have committed it. Second, there were key facts that were not and *could not* have been discovered before the preliminary hearing despite the district attorney's open file policy. Until cross examination of the other sales clerk at preliminary hearing, no one knew that a customer, Melody Winn, had been present when the alleged theft took place. Nor was it known that the precise time of the alleged theft had been recorded by the store's cash register on the customer's check. Winn's testimony at trial, that she had seen nothing out of the ordinary during her purchase, was key to the Danners' defense and to the not-guilty verdict.

¶ 11 The facts of this case require this Court to strike a balance between the purposes of issue preclusion and the protection of an individual's remedy for an arrest based on false testimony. Merchants must not be chilled in their legitimate efforts to detain and prosecute shoplifters without fear from the burden of frivolous suits for false arrest.[1] At the same time, false testimony should not provide the basis for both a determination of probable cause for an arrest and preclusion of relitigation of that issue in a civil suit after the false testimony of a merchant's agent has been demonstrated.

¶ 12 The policies supporting issue preclusion must yield to the need for fairness presented by the compelling facts of this case. The Danners were not afforded an opportunity to fully and fairly litigate the issue of probable cause at preliminary hearing due to

the false testimony presented and the disclosure of undiscoverable key evidence. The Danners were therefore not precluded from litigating the issue of probable cause in their civil action. The trial court did not err in so holding.

CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.

¶ 13 KAUGER, C.J., SUMMERS, V.C.J., OPALA and ALMA WILSON, JJ., and CHAPEL, Special Judge, concur (In lieu of WATT, J., who disqualified).

¶ 14 LAVENDER, SIMMS and HARGRAVE, JJ., dissent.

¶ 15 WATT, J., disqualified.

---

1. Title 22, section 1343, of the Oklahoma Statutes permits "a merchant, his agent or employee," to detain a customer if there is "reasonable grounds or probable cause" to believe that the customer has wrongfully taken merchandise from the store. "Any such reasonable detention shall not constitute an unlawful arrest or detention, nor shall it render the merchant, his agent or employee criminally or civilly liable to the person so detained." *Id.* at § 1343(d). This statute provides protection from civil liability in most shoplifter apprehension situations.