2004 OK CIV APP 71

### In the Matter of G.G., a deprived child under eighteen years of age.

### Marella Gordon, Appellant,

### v.

### The State of Oklahoma, Appellee.

### No. 100,018.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 22, 2004.

---

Jeff McGrew, Tulsa, OK, for Appellant.

Tanya N. Wilson, Assistant District Attorney, Tulsa, OK, for Appellee State.

Julie McMahon, Assistant Public Defender, Tulsa, OK, for G.G.

Opinion by LARRY JOPLIN, Judge.

¶1 Appellant Marella Gordon, natural mother (Mother) of G.G., a deprived child under eighteen years of age (Child), seeks review of the trial court's order granting judgment on a jury's verdict to Appellee State of Oklahoma (State) in State's action to terminate Mother's parental rights. In this proceeding, Mother complains State did not prove, by clear and convincing evidence, that she failed to correct the conditions leading to Child's adjudication, and that termination of her parental rights was in Child's best interests. Having reviewed the record, we hold the order of the trial court should be and hereby is reversed, and the cause remanded for new trial.

¶2 In January 2002, State commenced the instant proceedings, alleging Child was deprived as the result of: physical abuse by Mother; physical and sexual abuse by Mother's boyfriend; Mother's failure to protect Child from her boyfriend's abuse; and abandonment by Child's natural father. Mother demanded jury trial.

¶3 However, according to the order of adjudication, Mother later "entered into a non-jury stipulation" "that the facts and evidence at trial would be as recited by the State" in its petition, and "that the facts and evidence would be sufficient to sustain the Petition." "Based upon those stipulations, the [trial] Court [found] that the State . . .

met its burden of proof by the preponderance of the evidence that it is in the best interest of the child and the public that the child be found to be deprived pursuant to 10 Okla. Stat. § 7001–1.1 et seq.," and the trial court so adjudicated. At a dispositional hearing in July 2002, Mother agreed to abide by the terms of a treatment plan for correction of the conditions leading to Child's adjudication.[1]

¶4 In January 2003, State filed a motion to terminate Mother's parental rights, alleging her failure to correct conditions. See, 10 O.S. § 7006–1.1(A)(5). After several continuances, the matter came on for jury trial in October 2003.

¶5 State presented the testimony of the caseworker and Child's therapist, as well as documentary evidence, argued to show that Mother refused to accept responsibility for her abuse of Child or her failure to protect Child from abuse; Child's fear, mistrust and dislike of Mother; and Child's reticence to return to Mother's custody. State also presented testimony concerning the improvements in Child's behavior and demeanor since placement outside Mother's home.

¶6 Mother denied her abuse of Child, and knowledge of the alleged sexual and/or physical abuse of Child by her boyfriend. Mother also denied a continuing relationship with her boyfriend, although State adduced evidence otherwise. Mother admitted she had completed only a portion of the treatment plan recommendations for counseling and education,[2] attributing non-completion of the plan to several factors allegedly out of her control. Mother also admitted that she had not obtained steady employment, and that she had only recently obtained an apartment of her own as required by the treatment plan.

---

1. The treatment plan required Mother to: obtain a psychological evaluation and submit to counseling; enroll and complete a "responsive parent program, the compassion workshop and individual counseling"; obtain and maintain employment "or a source of income adequate to meet the needs of" Child; maintain a "clean, safe and stable home for" Child; schedule and exercise visitation with Child "a minimum of once per month," "contingent on whether or not [Child] is ready to visit with" her; and "take part in Family Counseling with [Child] when . . . deemed appropriate by [Child's] therapist."

2. Particularly, an anger management class, a parenting class and counseling.

¶ 7 Over Mother's objection, the trial court instructed the jury that Mother's stipulation at the time of adjudication established that (1) Child was a deprived child as defined by law and the instructions, and (2) "the conditions which lead to the adjudication of [Child] as a deprived child [were] caused or contributed to by the acts or omissions caused of [Mother]." [3,4] Upon consideration of the evidence, the jury returned a verdict to terminate Mother's parental rights. Mother appeals.

¶ 8 State sought termination of Mother's parental rights under 10 O.S. § 7006-1.1(A)(5), which provides:

> Pursuant to the provisions of the Oklahoma Children's Code, ... a court may terminate the rights of a parent to a child in the following situations; provided, however, the paramount consideration in proceedings concerning termination of parental rights shall be the health, safety or welfare and best interests of the child:
>
> ....
>
> ¶ 9 A finding that:
>
> a. the child has been adjudicated to be deprived, and
>
> b. such condition is caused by or contributed to by acts or omissions of the parent, and
>
> c. termination of parental rights is in the best interests of the child, and

3. Jury Instruction Number 7 provided:

   On May 13, 2002, [Mother] appeared before the Court, and the Court found that the conditions set forth in the Petition are true and that the conditions were caused by or contributed to the acts or omissions of [Mother]. The Court further found [Child] to be a deprived child as to [Mother].

   Since these facts have already been determined by the Court, you are instructed that you must accept them as true in this case and may not consider in reaching your verdict the correctness of any issue previously decided by this Court.

4. The Amended Verdict Form provided:

   We, the jury, impaneled and sworn in the above-entitled cause do upon our oath answer the questions propounded by the Court as follows as to [Mother], and the minor [C]hild ... :

   1. Is the [C]hild, ..., a deprived child as that term is defined by these instructions?

d. the parent has failed to show that the condition which led to the adjudication of a child deprived has been corrected although the parent has been given not less than the time specified by Section 7003-5.5 of this title to correct the condition; ...."

The plain language of this section casts upon the state the burden to prove by clear and convincing evidence: Child's adjudication as deprived; a parent's acts or omissions caused or contributed to Child's deprived condition; and termination of parental rights is in Child's best interests. 10 O.S. § 7006-1.1(A)(5)(a), (b) and (c); *In the Matter of K.C.*, 2002 OK CIV APP 58, ¶ 5, 46 P.3d 1289, 1291; *In the Matter of J.M.*, 1993 OK CIV APP 121, ¶ 4, 858 P.2d 118, 120; *In the Matter of C. G.*, 1981 OK 131, ¶ 17, 637 P.2d 66, 71. Once shown, the burden of persuasion shifts to the parent to show, by the clear weight of the evidence, correction of the condition or conditions leading to Child's deprived adjudication. 10 O.S. § 7006-1.1(A)(5)(d); *In the Matter of J.M.*, 1993 OK CIV APP 121, ¶ 4, 858 P.2d at 120; *In the Matter of C. G.*, 1981 OK 131, ¶ 18, 637 P.2d at 71; *In the Matter of Christopher H.*, 1978 OK 50, ¶¶ 8, 10, 577 P.2d 1292, 1293. On appeal, we review for the presence of clear and convincing evidence to support the judgment below:

> [A]ppellate review of a parental-bond severance must be conducted by searching

(You are instructed that the Court's previous finding of adjudication satisfies this requirement.)

2. Were the conditions which lead to the adjudication of [Child] as a deprived child caused or contributed to by the acts or omissions of [Mother]?

   (You are instructed that the Court's previous finding of adjudication satisfies this requirement.)

3. Does the best interests of the child require that the parental rights of [Mother] be terminated to the [C]hild ... ?

   Answer _____ (yes/no)

4. Has [Mother] shown that the conditions have been corrected which led to [C]hild being adjudicated a deprived child?

   Answer _____ (yes/no)

Based on these findings, we the jury, hereby find that the parental rights of [Mother], the natural mother of the [C]hild ... _____ (should/should not) be terminated.

for the presence of clear-and-convincing proof. The heightened test that is accorded fundamental rights would be watered down—if not indeed rendered meaningless—by the use on review of anything less than the very same standard as that which is required in the trial courts. In short, to warrant affirmance of nisi prius findings, appellate review in a parental-bond-severance proceeding must demonstrate the presence of clear-and-convincing evidence to support the first-instance decision.

*In the Matter of S.B.C.*, 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083.

¶ 10 In her first proposition, Mother complains State failed to prove termination of her parental rights was in Child's best interests. In her second proposition, Mother asserts the trial court erroneously did not require State to prove Mother had failed to correct the conditions leading to Child's deprived adjudication. In a related argument, Mother complains the trial court improperly directed a verdict on the first two elements for termination—Child's adjudication as deprived, and cause or contribution to the deprived condition attributable to the parent's acts or omissions—based on her stipulations at the adjudication stage.

¶ 11 As we have observed, State bears the burden of proving, by clear and convincing evidence: Child's adjudication as deprived; a parent's acts or omissions caused or contributed to Child's deprived condition; and termination of parental rights is in Child's best interests. We have also observed that, once State proves these elements, the burden of persuasion shifts to the parent to show, by the clear weight of the evidence, correction of the condition or conditions leading to Child's deprived adjudication. To the extent Mother's stipulations at adjudication touch on the elements of termination which State is statutorily bound to prove, we must assess the effect of Mother's stipulations.

¶ 12 "Generally, stipulations as to facts are binding upon the parties and the courts" at trial and on appeal. *State ex rel. State Ins. Fund v. JOA, Inc.*, 2003 OK 82, ¶ 6, 78 P.3d 534, 536; *Nanonka v. Hoskins*, 1982 OK 53, ¶ 5, 645 P.2d 507, 508–509. A party will not generally be allowed relief from the effects of his/her stipulation except upon good cause shown. *Bill Hodges Truck Co. v. Gillum*, 1989 OK 86, ¶ 14, 774 P.2d 1063, 1068.

¶ 13 Similarly, the doctrine of collateral estoppel, now referred to as "issue preclusion," ordinarily precludes the relitigation of an issue or fact or law necessarily and finally determined in a previous action between the same parties or their privies. Restatement (Second) of Judgments § 27 (West 1982) [5]; *Nealis v. Baird*, 1999 OK 98, ¶ 51, 996 P.2d 438, 457; *Veiser v. Armstrong*, 1984 OK 61, ¶ 8, 688 P.2d 796, 800, fn. 9. However, "when a particular fact is established not by judicial resolution but by stipulation of the parties, that fact has not been 'actually litigated' and thus is not a proper candidate for issue preclusion," and "[t]his is particularly so when the stipulation does not 'manifest an intent to be bound in a subsequent action.'" *U.S. v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir.(Okla.) 2002); Restatement (Second) of Judgments § 27, comment (e).[6]

¶ 14 Indeed, the issue preclusion doctrine does not prevent relitigation of the same question of fact where "the adversary has a significantly heavier burden [of proof in the second action] than he had in the first action." Restatement (Second) of Judgments § 28(4),[7] comment (f).[8] Section 28(4) of the

---

5. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

6. "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention."

7. "Exceptions To The General Rule Of Issue Preclusion. Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:.... (4) The party against whom preclusion is sought had a signifi-

Restatement (Second) of Judgments and the attendant commentary are entirely consistent with extant Oklahoma jurisprudence recognizing that where the burdens of proof in the former action and the latter differ, issue preclusion may not prevent the relitigation of an issue. *See, e.g., Danner v. Dillard Dept. Stores, Inc.,* 1997 OK 144, ¶ 7, 949 P.2d 680, 682; *In the Matter of the Guardianship of Walling,* 1986 OK 50, ¶ 16, 727 P.2d 586, 591; *Goodwin v. Continental Cas. Co.,* 1935 OK 1183, ¶ 7, 53 P.2d 241, 242. We are persuaded that the rule enunciated in § 28(4) of the Restatement of Judgments is the correct rule to be followed in Oklahoma.

¶ 15 According to the order of adjudication in the present case, Mother "entered into a non-jury stipulation" "that the facts and evidence at trial would be as recited by the State" in its petition, "that the facts and evidence would be sufficient to sustain the Petition." Based on Mother's stipulation, the trial court determined State met its burden of proving Child's deprived status by a preponderance of the evidence at the adjudication stage. At the termination stage, the trial court subsequently instructed the jury that Child had been previously adjudicated deprived and that Mother's stipulation conclusively established that her acts or omissions caused or contributed to the conditions leading to the deprived adjudication.

¶ 16 The uncontroverted evidence demonstrated that Child had been adjudicated deprived. However, to the extent Mother's stipulation concerns her contribution to Child's deprived status, we view the recited stipulation as reflecting only Mother's concession that State could prove the allegations of the deprived petition by a preponderance

of the evidence, *not* as an admission that State could prove she caused or contributed to Child's deprived status by clear and convincing evidence. To read Mother's stipulation at the "preponderance-of-the-evidence" adjudication stage as conclusively determining the extent to which her acts and omissions caused or contributed to Child's deprived condition ignores the substantially higher "clear-and-convincing-evidence" burden of proof imposed on State at the termination stage.

¶ 17 Because State's burden of proof increases at the termination stage, we hold Mother's stipulation at adjudication of Child's status *in the present case* does not preclusively establish the extent to which Mother's acts or omissions caused or contributed to the deprived condition for purposes of meeting State's burden to prove that element under 10 O.S. § 7006–1.1(A)(5)(b) by clear and convincing evidence. To the extent the trial court directed a verdict for State on this critical element for termination of Mother's parental rights based on her stipulation at the adjudication stage, we hold the trial court erred.

¶ 18 The order of the trial court granting judgment to State is therefore REVERSED and the cause REMANDED for new trial.

HANSEN, J., concurs in result,
MITCHELL, P.J., concurs.

cantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action;...."

8. "To apply issue preclusion in the cases described in Subsection (4) would be to hold, in effect, that the losing party in the first action would also have had a significantly different burden being imposed. While there may be many occasions when such a holding would be correct,

there are many others in which the allocation and weight of the burden of persuasion (or burden of proof, as it is called in many jurisdictions) are critical in determining who should prevail. Since the process by which the issue was adjudicated cannot be reconstructed on the basis of a new and different burden, preclusive effect is properly denied. This is a major reason for the general rule that, even when the parties are the same, an acquittal in a criminal proceeding is not conclusive in a subsequent civil action arising out of the same event."