**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEWIS AARON COOK,

      Plaintiff-Appellant,

v.

ANTONIA R. HILL, Tulsa Police
Officer; DAVID MOSS CRIMINAL
JUSTICE CENTER, Sued as:
David L. Moss C.C.A.,

      Defendants-Appellees.

No. 05-5061
(D.C. No. 04-CV-412-K)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Lewis Aaron Cook, appearing pro se, appeals from a judgment granted in favor of defendants Officer Antonia Hill and the David Moss Criminal Justice Center (hereinafter "C.C.A."). Mr. Cook's suit alleges violation of 42 U.S.C. § 1983. He claims that Officer Hill unlawfully searched and arrested him, illegally towed his car, and then lied about where she found the evidence used to incriminate and prosecute him. He asserts that defendant C.C.A. illegally confined him because he was innocent of the charges. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

## I.

Mr. Cook was arrested in a motel room in August 2000 after police received a call about a disturbance. An alleged eyewitness stated that Mr. Cook and a minor female were selling and smoking crack cocaine in Mr. Cook's motel room. Officer Hill and another officer knocked on Mr. Cook's door and, according to Officer Hill's arrest report and trial testimony, obtained his consent to search the room. Officer Hill reported that she found a glass pipe and other items commonly used to smoke crack cocaine in plain view. She arrested Mr. Cook and had his car towed away at the request of the motel manager. Mr. Cook was confined at C.C.A. pending trial on a charge of possession of drug paraphernalia.

The state trial court apparently rejected Mr. Cook's pre-trial contentions that the evidence against him was illegally obtained without a warrant and without consent.[1] After a jury trial, Mr. Cook was convicted and sentenced to one year in prison. His sentence has been served. According to the district court, the Oklahoma Court of Criminal Appeals specifically rejected Mr. Cook's contention on direct appeal that the evidence was insufficient to prove that he possessed drug paraphernalia. But the Court of Criminal Appeals reversed Mr. Cook's conviction after concluding that the trial court had improperly denied Mr. Cook the right to represent himself in his criminal proceedings. Apparently because he had already served the sentence, the State ultimately dismissed the criminal case in 2004 instead of conducting a new trial.

Mr. Cook filed the instant suit in federal court in 2004, alleging violation of his constitutional rights. Adopting and affirming the magistrate judge's report and recommendations, the district court granted defendant C.C.A.'s motion for summary judgment. The court held that Mr. Hill did not allege any facts in his complaint or other pleadings indicating that C.C.A.'s actions, policies, procedures, or customs violated his rights.

---

[1] We do not know whether these rulings were challenged in Mr. Cook's direct appeal because the criminal proceedings are not part of the record in this case.

The district court also dismissed Mr. Cook's claims against Officer Hill for illegal arrest and search and for illegal seizure and towing of his car, holding they were barred by a two-year statute of limitations. Mr. Cook does not challenge these rulings on appeal.

The district court granted summary judgment to Officer Hill on Mr. Cook's remaining claim that Officer Hill purposefully lied in order to establish probable cause for his arrest and prosecution. The district court concluded that Mr. Cook failed to "come forward with any facts to support his claim that Officer Hill knowingly supplied false information which lead to the filing of false charges against him." R. Doc. 30 at 10.

## II.

Mr. Cook initially raises three issues in his appellate brief: whether the district court treated him unfairly by (1) "staying" the proceedings; (2) denying his request for an expedited hearing; and (3) refusing to consider the notarized statement of a witness to the conduct charged in his state criminal proceedings. Aplt. Br. at 1. But he did not brief or further discuss either of the first two issues, so they are deemed waived. *See* Fed. R. App. P. 28(a)(5), (9) (requiring that appellate brief contain a statement of the issues presented for review as well as an argument containing "the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies");

-4-

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("[a]rguments inadequately briefed in the opening brief are waived"); *Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("We . . . will not consider issues that are raised on appeal but not adequately addressed.").

In the body of Mr. Cook's appellate brief, he asserts that the district court erred in granting both defendants' motions for summary judgment.

> We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citation omitted).

## A. C.C.A.

Mr. Cook alleges error in granting judgment in favor of C.C.A. solely on his assertion that C.C.A. illegally confined him. *See* Aplt. Br. at 12-13. A review of the record shows that Mr. Cook has made allegations of "fact" in his appellate brief that were never made in any pleadings before the district court. For example, he now claims that he made bail on the possession of drug paraphernalia charge, but that C.C.A. illegally continued holding him on charges that were

-5-

never filed. Because Mr. Cook did not make this claim before the district court, we will not consider it here. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005). Further, Mr. Cook does not address any alleged error in the district court's legal reasoning for granting summary judgment to C.C.A. We therefore affirm the district court's judgment in favor of C.C.A.

## B. Officer Hill

Mr. Cook next asserts that the district court erred by granting Officer Hill's motion for summary judgment on the issue of qualified immunity.

> Under the framework enunciated by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L. Ed. 2d 272 (2001), courts are to conduct two distinct inquiries when encountering a defense of qualified immunity. First, the court must determine whether the facts, as pled by the plaintiff, set forth a constitutional violation. *Id.* Second, assuming that a violation has been properly alleged, the court is to determine whether such violation was clearly established as of the time of the conduct. *Id.*

*Pierce v. Gilchrist*, 359 F.3d 1279, 1284 (10th Cir. 2004).

Mr. Cook complains that Officer Hill forced her way into his hotel room, illegally searched it and "found nothing," then unlawfully arrested him and filed false charges against him. Aplt. Br. at 13. In his complaint, Mr. Cook also asserted that Officer Hill lied about finding the crack pipe in his motel room, insisting that she took it from the alleged eyewitness who was at the scene. R. Doc. 1 at 6.

In her motions to dismiss and for summary judgment and in her appellate brief, Officer Hill did not address Mr. Cook's allegations that she lied about where she obtained the crack pipe.[2] She addressed only probable cause for Mr. Cook's arrest and search, raising only the undisputed facts that police were called to investigate a disturbance and that the alleged eyewitness claimed Mr. Cook was engaged in criminal activity. Thus, Mr. Cook's claims based upon his assertion that Officer Hill lied about where she found the crack pipe were never properly before the district court on summary judgment.

While the facts Officer Hill did address may have been enough to give Officer Hill reasonable suspicion to investigate and probable cause to search Mr. Cook's motel room, they are not sufficient to establish probable cause for his arrest and prosecution on a possession-of-drug-paraphernalia charge. That charge rested solely on Officer Hill's testimony about where she found the crack pipe.

As mentioned above, the magistrate judge stated that Mr. Cook had not come forward with any facts to support his claim that Officer Hill knowingly supplied false information that led to the filing of false charges against him. The

---

[2]   Officer Hill apparently never filed an answer to Mr. Cook's complaint. Instead, Officer Hill filed a motion to dismiss by the answer deadline. Almost six months later, she filed a motion for summary judgment. The magistrate judge did not file his report and recommendations on the motions until a week before the trial was originally set to commence. The district court reset the trial date the same day the report was filed.

magistrate judge discussed only Mr. Cook's claims that Officer Hill lied about the age of the female, Ms. Overstreet, who was in Mr. Cook's motel room at the time of Mr. Cook's arrest.[3] *See* R. Doc. 30 at 9.

In his objections to the magistrate judge's report, Mr. Cook supported his assertions in his complaint with Ms. Overstreet's affidavit.[4] There, Ms. Overstreet swore that she and Mr. Cook had cleaned the room before they went to bed, that there was no drug paraphernalia in the room, and that Officer Hill refused to show Mr. Cook the crack pipe that Officer Hill claimed she found during her search of his motel room. R. Doc. 33 at 6-8. The district court, in conducting its de novo review, did not discuss these allegations.

Although the magistrate judge couched Mr. Cook's claims against Officer Hill as a "filing of false charges/malicious prosecution" claim, R. Doc. 30 at 9, we have clarified that a complaint alleging that an officer knowingly gave false information in order to obtain an arrest and conviction independently states a

---

[3]    We agree with the district court that Ms. Overstreet's age is irrelevant to the charge on which Mr. Cook was arrested and prosecuted.

[4]    The affidavit was timely submitted to the district court because Officer Hill's summary judgment motion did not indicate that Officer Hill challenged Mr. Cook's allegations regarding where Officer Hill found the crack pipe. Therefore, Mr. Cook had no notice that the magistrate judge would recommend granting summary judgment in favor of Officer Hill without discussing all of the allegations in Mr. Cook's complaint. Given Officer Hill's failure to challenge the claims, perhaps it is not surprising that neither the magistrate judge nor the district court discussed them in their respective orders.

Fourth Amendment violation, *Pierce*, 359 F.3d at 1296 ("it is a violation of the Fourth Amendment . . . for an arrest warrant affiant to include false statements in the affidavit"), as well as a violation of the Due Process Clause, *id.* at 1299 ("a defendant's due process rights are implicated when the state knowingly uses false testimony to obtain a conviction"). We noted that "the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest." *Id.* at 1298. Thus, an officer who has engaged in such behavior is not entitled to qualified immunity. *See Robinson v. Maruffi*, 895 F.2d 649, 655-56 (10th Cir. 1990) (noting that if a police officer purposefully misrepresents material facts to prosecuting attorney, the officer is not insulated by the prosecutor's subsequent actions).

Further, an initial finding of probable cause at the trial-court level is not conclusive. *See Pierce*, 359 F.3d at 1295-96; *cf. Danner v. Dillard Dep't Stores, Inc.*, 949 P.2d 680, 683 (Okla. 1997) (holding that, because the plaintiffs had shown in their criminal trial that false testimony supported the probable cause determination, the "false testimony should not provide the basis for both a determination of probable cause for an arrest and preclusion of relitigation of that issue in a civil suit"); *Ames v. Strain*, 301 P.2d 641, 643-44 (Okla. 1956) (recognizing that question of probable cause resolved by magistrate at preliminary

hearing precludes civil prosecution for false arrest except when the arresting officer "is shown to have presented the facts to the justice dishonestly, or to have . . . acted without probable cause") (quotation marks and italics omitted).

If, as Mr. Cook claims, Officer Hill lied about where she obtained the crack pipe, Mr. Cook could establish a constitutional violation and Officer Hill would not be entitled to qualified immunity. *Cf. Pierce*, 359 F.3d at 1296-98. Because the district court did not discuss all of Mr. Cook's allegations that present a genuine issue of material fact on the issue of probable cause for his prosecution, and Officer Hill did not provide the complete record of the criminal proceedings to the district court, we conclude that the district court erred in granting summary judgment to Officer Hill. *See Simms*, 165 F.3d at 1326; *Salazar v. City of Okla. City*, 976 P.2d 1056, 1062 (Okla. 1999) (noting that failure to submit the entire judgment roll from the previous litigation to the court in the subsequent civil case "is fatal to [an] issue-preclusion defense" on summary judgment).

The judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge